STATE v. CHARLES GREENFIELD.

191 N. W. (2d) 398.

October 22, 1971—No. 41950.

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *James M. Kelley,* Assistant Attorney General, and *Darrell C. Hill* and *Paul Tschida,* Special Assistant Attorneys General, for respondent.

Heard before Knutson, C. J., and Nelson, Otis, Peterson, and Kelly, JJ.

PER CURIAM.

Defendant pled guilty on October 9, 1968, to aggravated assault in violation of Minn. St. 609.225, subd. 2. He appeals from the conviction.

On appeal defendant also seeks review of an order revoking his probation. Because defendant was released on probation prior to oral argument in this court, any question relating to the order revoking his probation is moot and therefore need not be considered. Cf. In re Consolidation of Township of Glendale with Village of Savage, 288 Minn. 340, 180 N. W. 2d 925 (1970).

Defendant argues that the plea of guilty should not have been accepted because the trial court did not personally determine that the plea was made with a full understanding of the nature of the charge, the essential elements of the crime, and the defenses thereto.

On June 2, 1969, the United States Supreme Court in Boykin v. Ala-

bama, 395 U. S. 238, 89 S. Ct. 1709, 23 L. ed. 2d 274, held that the record of a conviction upon a guilty plea in a state court must disclose an affirmative showing that the plea was offered voluntarily and understandingly. The court indicated that the trial judge must "canvass" the matter with defendant "to make sure he has a full understanding of what the plea connotes and of its consequence." 395 U. S. 244, 89 S. Ct. 1712, 23 L. ed. 2d 280. Two months earlier, in construing Rule 11 of the Federal Rules of Criminal Procedure, the United States Supreme Court in McCarthy v. United States, 394 U. S. 459, 89 S. Ct. 1166, 22 L. ed. 2d 418, decided that a Federal district judge must personally interrogate a defendant regarding the voluntariness of his plea, and whether defendant understood the charge and the consequences of his plea. Although defendant in the present case signed a petition to enter a guilty plea which contained a statement that he fully understood the charge and the consequences of his plea and that he was aware of the defenses to the charge, he maintains that Boykin and McCarthy demand that the trial court make a personal inquiry as to whether a defendant comprehends what the plea connotes and its consequences.

The Supreme Court has held that McCarthy v. United States, *supra,* is not retroactive in application and thus we assume that Boykin v. Alabama, *supra,* would not be retroactive. See, Halliday v. United States, 394 U. S. 831, 89 S. Ct. 1498, 23 L. ed. 2d 16 (1969). Since defendant pled guilty prior to the Boykin and McCarthy decisions, these cases are of no assistance to him.[1]

The record discloses that the defendant entered his plea of guilty voluntarily and had a full understanding of what the plea connotes and its consequences. He will not be afforded an opportunity to plead anew even if the prosecuting attorney elicited some of the information rather than the trial court. See, State v. Coe, 290 Minn. 537, 188 N. W. 2d 421 (1971). For a preferable procedure in obtaining a guilty plea, see A. B. A. Standards for Criminal Justice, Standards Relating to Pleas of Guilty (Approved Draft, 1968) §§ 1.4, 1.5, 1.6.

Affirmed.

---

[1] In any event, we deem Boykin and McCarthy distinguishable. See, State v. Taylor, 288 Minn. 37, 42, note 7, 178 N. W. 2d 892, 895.