JAY BURNETT v. STATE.

195 N. W. 2d 187.

February 25, 1972—No. 42725.

*C. Paul Jones*, State Public Defender, and *Doris O. Huspeni*, Assistant State Public Defender, for appellant.

*Warren Spannaus*, Attorney General, *John M. Mason*, Solicitor General, *Alfred C. Schmidt*, Ninth District Prosecutor, and *Donald E. Shanahan*, County Attorney, for respondent.

Heard before Knutson, C. J., and Murphy, Kelly, and Hachey, JJ.

Per Curiam.

Defendant, who had pled guilty to burglary and was convicted on his plea, appeals from a denial of postconviction relief. Defendant contends that he was denied due process by the trial court's failure to question him concerning the facts of the crime and by his lack of understanding of the consequences of his plea. He also asserts that he was denied effective representation by counsel.

At the time sentence was imposed, the court had read defendant's presentence investigation report but did not read the report into the record. Defendant contends that the failure to show in the record a factual basis for a plea of guilty is a denial of due process. The trouble with defendant's contention is that the cases he relies upon for this proposition, Boykin v. Alabama, 395 U. S. 238, 89 S. Ct. 1709, 23 L. ed. 2d 274 (1969), and McCarthy v. United States, 394 U. S. 459, 89 S. Ct. 1166, 22 L. ed. 2d 418 (1969), are not to be given retroactive application. In Halliday v. United States, 394 U. S. 831, 89 S. Ct. 1498, 23 L. ed. 2d 16 (1969), the United States Supreme Court ruled that McCarthy, which

required a recorded factual basis for acceptance of guilty pleas in Federal courts, did not have retroactive effect. After Halliday was decided, the court held in Boykin that the recorded factual basis was a constitutional requirement applicable to the states. We are convinced that the United States Supreme Court would not make Boykin retroactive after its decision in Halliday. Moss v. Craven, 427 F. 2d 139 (9 Cir. 1970). In the instant case defendant's plea was accepted before Boykin and McCarthy were decided.

The presentence investigation report gave the defendant's version in detail of the commission of the crime and constituted a factual basis for the plea of guilty.

Defendant complains of the use of the presentence investigation report for a factual basis. While we do not approve of this practice, defendant's right of due process was not violated.

A reading of the record indicates that defendant was competent when he rendered his plea and had the effective assistance of counsel.

Affirmed.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.