## STATE v. GARY D. ROBB.

195 N. W. 2d 587.

March 10, 1972—No. 42098.

*C. Paul Jones,* State Public Defender, and *Mollie G. Raskind,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *J. Jerome Kluck,* County Attorney, and *John O. Sonsteng* and *George L. May,* Assistant County Attorneys, for respondent.

---

Heard before Knutson, C. J., and Otis, Peterson, Todd, and Mason, JJ.

MILTON D. MASON, JUSTICE.*

This is an appeal from a judgment of conviction. Defendant also seeks review of an order denying a petition for postconviction relief. Affirmed.

Defendant, charged with theft by check contrary to Minn. St. 1969, § 609.52, pled not guilty. Two weeks later, on motion to change his plea, he pled guilty to the crime as charged, and a presentence report was ordered. Five weeks later, a motion to withdraw the plea of guilty was denied, and defendant was sentenced to a term not to exceed 3 years' imprisonment. Notice of appeal was filed, and this court subsequently granted a stay of appeal, remanding the case for a postconviction hearing.

The facts show that defendant opened an account at Commercial State Bank of St. Paul with a deposit of $25 on September 6, 1968. Between that date and September 21, 1968, he wrote and cashed six checks totaling $160, all to Target Stores, in each instance a regiscope picture being taken of defendant and the check. At the hearing at which defendant moved to withdraw his plea of not guilty, he stated that he understood that on September 9, 1968, a check for $25 cleared the bank, depleting his account, and that he was not entitled to draw further on the bank. At the time of sentencing, when the motion to withdraw his plea of guilty was denied, defendant for the first time offered the statement that he had, on October 17, 1968, sent $75 in cash from Duluth to his wife in St. Paul to be deposited in his account. He testified at the postconviction hearing that he had telephoned his wife on October 23, 1968, to ascertain whether she had received this money and learned that she had not.

Defendant's claim of inadequate representation by counsel is without merit. His statements at the postconviction hearing on May 13, 1970, that he was told by his attorney to say "yes" to

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

everything the court asked him at the hearing on December 11, 1968, and his claim he had never seen a copy of the complaint or information are particularly lacking in credibility. Counsel's representation was more than adequate.

Defendant's claim of lack of intent to commit the crime is likewise without merit. By no stretch of the imagination can we construe defendant's activities to show an intent to keep the account current with a consequent lack of intent to commit the crime in light of the initial deposit of $25 and the issuance of six checks totaling $160 in three weeks, despite his claim of sending $75 to his wife another three weeks later for deposit in his account. This is particularly so when we consider defendant's testimony at the sentencing hearing when he said that he knew he was not entitled to draw on the bank.

"* * * [I]n determining whether there has been an abuse of discretion in denying such a motion [to withdraw a plea of guilty and to enter a plea of not guilty], this court must consider all the facts and surrounding circumstances which formed the basis of the trial court's determination including the statements which defendant made at the time he entered his plea of guilty." State v. Roggenbuck, 271 Minn. 557, 562, 136 N. W. 2d 857, 861 (1965).

While the right to trial is a sacred right, nevertheless it must be for the trial court to decide a motion which would change a plea determinative of the guilt or innnocence of a defendant. This case is not like State v. Olson, 270 Minn. 329, 133 N. W. 2d 489 (1965), where this court held that a guilty plea should not have been accepted because, in making such plea, defendant at the same time made statements inconsistent with his guilt.

In Chapman v. State, 282 Minn. 13, 17, 162 N. W. 2d 698, 701 (1968), we quoted with approval A. B. A. Standards for Criminal Justice, Pleas of Guilty, § 2.1 (Approved draft, 1968). Section 2.1(a) of the Standards states that the court should allow the withdrawal of a guilty plea whenever the defendant, on time-

ly motion, "proves that withdrawal is necessary to correct a manifest injustice." Defendant's motion in the case at bar was timely made, but there was no manifest injustice in denying the withdrawal. Defendant had effective assistance of counsel; the plea was voluntarily made after defendant knew and understood the charge; and there was no breach of any plea agreement.

Section 2.1(b) of the Standards reads as follows:

"In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea."

The court in its discretion properly determined there was not a "fair and just reason" for allowing defendant to withdraw his plea of guilty and stand trial.

We said in State ex rel. Pittman v. Tahash, 284 Minn. 365, 368, 170 N. W. 2d 445, 447 (1969):

"While we acknowledge our obligation to extend a broad review of both questions of law and fact in postconviction proceedings, in accordance with our responsibility to vindicate a denial of fundamental rights and thereby prevent manifest injustice [citing Kopetka v. State, 283 Minn. 525, 167 N. W. 2d 39 (1969)], the scope of our review is not unlimited.

"Where there is adequate evidence to sustain findings by a postconviction court on matters of fact * * * and the findings are not manifestly and palpably contrary to the weight of the evidence, we are not inclined to substitute our view of the evidence for that of the postconviction court."

The discretion permitted the postconviction court in judging defendant's credibility, coupled with the fact that no new evidence was introduced to support defendant's self-serving allega-

tions, requires that the decision denying withdrawal of defendant's guilty plea be affirmed.

Affirmed.

MR. JUSTICE TODD took no part in the consideration or decision of this case.