## STATE v. DONALD WYNNE GUSTAFSON.

214 N. W. 2d 341.

January 11, 1974—No. 43789.

C. Paul Jones, State Public Defender, and Robert E. Oliphant, Assistant State Public Defender, for appellant.

Warren Spannaus, Attorney General, Keith M. Brownell, County Attorney, and Robert E. Lucas, Assistant County Attorney, for respondent.

PER CURIAM.

Defendant, who was charged with second-degree murder, Minn. St. 609.19, in the death of his estranged wife, pleaded guilty to third-degree murder, Minn. St. 609.195(2), and was sentenced by the district court to a maximum prison sentence of 20 years. On this appeal from judgment of conviction, defendant contends that the district court should not have accepted his

guilty plea because there was no factual basis for the plea. Specifically, defendant contends that his admissions at the guilty-plea hearing show that he intended to kill his wife and that therefore the facts do not fit third-degree murder, which does not have intent to kill as an element. We reject this contention and affirm.

Defendant testified at the hearing that on the night in question he and his estranged wife and his half-brother, after drinking intoxicants throughout the evening, drove to a deserted farmhouse and broke in. Defendant testified that when they were emerging from the house his wife said that she wished their two children were dead. Defendant testified that this caused him to lose his temper and that he immediately struck her two or three times, including once in the temple, and pounced on her limp body and strangled her. He later dragged her into a field and stabbed her with a knife. According to an autopsy report, defendant's blow to the temple and the resultant shock probably caused his wife's death, although the coroner was unable to exclude the possibility that death was caused by strangulation.

Even if we were to accept defendant's position that death did not result from the karate-like blows to the head but from strangulation or the later stabbing of decedent with a knife, defendant's plea of third-degree murder was accepted after plea negotiations between competent public defense counsel and the prosecutor. Defendant will not now be permitted to complain because at his own request he was permitted to plead guilty to a crime of lesser degree even though the facts might not clearly support the offense pled to.

Therefore, the trial court properly accepted defendant's guilty plea to third-degree murder. While § 1.6 of the A. B. A. Standards for Criminal Justice provides that the trial court should not enter a judgment upon a guilty plea without determining that there is a factual basis for the plea, the commentary accompanying § 1.6 indicates that the primary purpose of the inquiry is to ensure that "the defendant actually committed a crime at least

as serious as the one to which he is willing to plead." [1] The standard thus supports the trial court's acceptance of defendant's plea. The statutes and Minnesota case law also support the trial court. See, Minn. St. 609.04, subd. 1; 630.30; and 631.14. See, also, State v. Oksanen, 276 Minn. 103, 149 N. W. 2d 27, certiorari denied, 389 U. S. 870, 88 S. Ct. 151, 19 L. ed. 2d 149 (1967).

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.

---

[1] A. B. A. Standards for Criminal Justice, Standards Relating to Pleas of Guilty (Approved Draft, 1968) § 1.6, p. 33.