## STATE v. MARK EUGENE HOAGLUND.

240 N. W. 2d 4.

March 5, 1976—No. 45406.

*C. Paul Jones,* State Public Defender, and *Mollie G. Raskind,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Gary W. Flakne,* County Attorney, and *Michael McGlennen, David W. Larson,* and *Vernon E. Bergstrom,* Assistant County Attorneys, for respondent.

ROGOSHESKE, JUSTICE.

Defendant pled guilty on April 1, 1974, to a charge of kidnapping a 13-year-old girl and was sentenced on April 29, 1974, to a maximum indeterminate term of 20 years' imprisonment. On direct appeal from the judgment of conviction, defendant contends that the trial court erred in accepting his plea. We hold that the trial court did not make sufficient inquiry to establish that there was a factual basis for the plea, and accordingly we reverse and remand.

The statute under which defendant was charged and convicted is Minn. St. 609.25, subd. 1, which provides as follows:

"Whoever, for any of the following purposes, confines or removes from one place to another, any person without his consent or, if he is under the age of 16 years, without the consent of his parents or other legal custodian, is guilty of kidnapping * * *:

"(1) To hold for ransom or reward for release, or as shield or hostage; or

"(2) To facilitate commission of any felony or flight thereafter; or

"(3) To commit great bodily harm or to terrorize the victim or another; or

"(4) To hold in involuntary servitude."

The transcript of the guilty plea hearing contains answers by defendant, then age 23, to questions asked solely by defense counsel that he took a 13-year-old girl, whom he knew, from her

parents' home with her consent but without her parents' express consent. However, defendant was not asked any questions concerning the facts and circumstances relevant to the commission of the offense; for example, he was not asked, nor did he testify to, his purpose in taking the girl, even though a critical issue of his guilt under the statute depended on whether he confined her for one of the specified unlawful purposes.

In numerous cases challenging the validity of convictions based upon pleas of guilty we have, beginning in 1968, recognized the A. B. A. Standards for Criminal Justice, Standards Relating to Pleas of Guilty,[1] "as valuable guidelines from a responsible source," have referred to them as "authoritative," and have declared that "when persuaded, we intend to adopt them in order to bring our procedure into conformity with those [standards] which are found to improve the administration of justice." State v. Wolske, 280 Minn. 465, 470, 160 N. W. 2d 146, 150 (1968).[2] Because our application of these standards has demonstrated that they embody procedures which can best ensure protection of the defendant's fundamental rights and also produce a complete record demonstrating that such protection has been afforded to the defendant, thereby discouraging and minimizing subsequent postconviction collateral attacks upon the validity of the conviction, we early referred to the standards as "salutary," [3] repeated our preference that they be followed,[4] and fre-

---

[1] Our earlier cases cited the Tentative Draft of February 1967. With some changes that draft was adopted in February 1968 as the Approved Draft.

[2] For earlier cases citing these standards, see State v. LaValla, 278 Minn. 63, 153 N. W. 2d 135 (1967); State v. Warren, 278 Minn. 119, 153 N. W. 2d 273 (1967); State v. Johnson, 279 Minn. 209, 156 N. W. 2d 218 (1968).

[3] State ex rel. Kons v. Tahash, 281 Minn. 467, 471, 161 N. W. 2d 826, 829 (1968), certiorari denied, 394 U. S. 961, 89 S. Ct. 1304, 22 L. ed. 2d 562 (1969).

[4] State v. Greenfield, 291 Minn. 534, 191 N. W. 2d 398 (1971); State v. Coe, 290 Minn. 537, 188 N. W. 2d 421 (1971).

quently treated them as authoritative in reviewing convictions based upon pleas of guilty.[5]

Even though we have also held that a defendant will not be permitted to plead anew simply because the prosecutor or defense counsel rather than the trial court elicited some or all of the testimony establishing the factual basis for the plea,[6] we have reversed where the trial court has not assumed full responsibility to establish an adequate factual basis before ordering a judgment of conviction upon a guilty plea. Beaman v. State, 301 Minn. 180, 221 N. W. 2d 698 (1974). In declaring that the court shall not accept a plea of guilty without first personally interviewing the defendant, the standards recognize that the responsibility for advising and interrogating a defendant in sufficient detail should rest with the trial court. This follows from the fundamental that it is the trial judge's sole and awesome responsibility to determine whether the plea he is being asked to accept is voluntary and that defendant's admissions of the relevant facts and circumstances of his conduct establish that he committed the offense charged or an offense at least as serious as the offense to which he is tendering his plea. Beaman v. State, *supra;* State v. Gustafson, 298 Minn. 200, 214 N. W. 2d 341 (1971). The United States Supreme Court in McCarthy v. United States, 394 U. S. 459, 465, 89 S. Ct. 1166, 1171, 22 L. ed. 2d 418, 424 (1969), interpreted Rule 11, Federal Rules of Criminal Procedure, from which these A. B. A. Standards are derived.[7] A trial judge's detailed advice and interrogation will not only enable him to arrive at an abiding conviction beyond a reasonable doubt that the plea should be ac-

---

[5] State v. Robb, 292 Minn. 409, 195 N. W. 2d 587 (1972); State v. Gustafson, 298 Minn. 200, 214 N. W. 2d 341 (1974); State v. Hirt, 298 Minn. 553, 214 N. W. 2d 778 (1974); Beaman v. State, 301 Minn. 180, 221 N. W. 2d 698 (1974).

[6] State v. Fries, 304 Minn. 586, 231 N. W. 2d 553 (1975); State v. Irving, 299 Minn. 211, 217 N. W. 2d 197 (1974); State v. Greenfield, *supra.*

[7] See, A. B. A. Standards for Criminal Justice, Standards Relating to Pleas of Guilty (Approved Draft, 1968), § 1.4, *Commentary,* pp. 25, 26, and § 1.6, *Commentary,* p. 32.

cepted and guilt adjudicated but will produce a record supporting his determination in the event of a direct appeal or a subsequent postconviction collateral attack upon the judgment. Regrettably, prior to our adoption of our Rules of Criminal Procedure, effective July 1, 1975, we did not expressly adopt these procedural standards but only implied our approval and recommended they be followed.[8] No need to expressly approve and adopt these standards now exists for our new Rule 15.01 is intended to implement the procedures suggested by the standards. It provides that "[b]efore the court accepts a plea of guilty, the defendant shall be sworn and questioned by the court with the assistance of counsel * * *." The rule then specifically contains a list of 20 subject areas, much more comprehensive and detailed than the A. B. A. Standards, which the court shall require be covered in interrogation of the defendant. It is to be hoped that the trial judge, in implementing Rule 15.01, will ask the questions with respect to the factual basis for the crime so as to avoid the rather common inclination of counsel to elicit these facts by leading questions.

Perhaps because of our failure to explicitly adopt the standards, the record submitted for review in this case is understandably very brief and, in our opinion, very inadequate. It consists only of a sworn complaint filed by a detective of the Hennepin County Sheriff's office detailing the facts uncovered in his in-

---

[8] In addition to Rule 11, Federal Rules of Criminal Procedure, and its interpretation and application by the United States Supreme Court, a growing number of other jurisdictions have expressly adopted the standards as required procedure in accepting a guilty plea or have now codified them into their rules of criminal procedure. See, e. g., State v. Sisco, 169 N. W. 2d 542 (Iowa 1969); State v. Turner, 186 Neb. 424, 183 N. W. 2d 763 (1971); State ex rel. White v. Gray, 57 Wis. 2d 17, 203 N. W. 2d 638 (1973); Wis. Stat. § 971.08 (1973); People v. Randolph, 175 Colo. 454, 488 P. 2d 203 (1971); Rule 11, Colorado Rules of Criminal Procedure; Rule 11, North Dakota Rules of Criminal Procedure, effective November 1, 1973; Rule 785.7, Michigan General Court Rules, effective June 1, 1973 (389 Mich. lv.).

vestigation, the information charging defendant with kidnapping, the six-page transcript of defendant's arraignment and guilty plea, and the four-page sentencing transcript. Since the record does not adequately support the trial court's determination as to a factual basis for defendant's plea, the interests of justice compel a reversal and remand for further proceedings consistent with this opinion.[9]

Reversed and remanded.

---

[9] Because of the inadequate record, we have also painstakingly reviewed the presentence investigation report as well as defendant's Department of Corrections file. Our examination also lends support to our conclusion to reverse. See, Beaman v. State, 301 Minn. 180, 221 N. W. 2d 698 (1974). Cf. Burnett v. State, 292 Minn. 485, 195 N. W. 2d 187 (1972).