**STATE of Minnesota, Respondent,**

v.

**Ann Louise LOCKRIDGE, Appellant.**

**No. 47623.**

Supreme Court of Minnesota.

Aug. 18, 1978.

Rehearing Denied Oct. 3, 1978.

C. Paul Jones, Public Defender, Robert Oliphant, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E.

Bergstrom, David W. Larson and Lee W. Barry, Asst. County Attys., Minneapolis, for respondent.

Heard before PETERSON, TODD, and GODFREY, JJ., and considered and decided by the court en banc.

TODD, Justice.

Ann Louise Lockridge was convicted of second-degree murder in the death of her husband. Prior to trial, she entered a plea of guilty to second-degree manslaughter. After hearing her testimony and receiving a presentence investigation report, the court rejected her plea and reinstated her plea of not guilty to second-degree murder, for which she was convicted by a jury. She challenges the sufficiency of the evidence, certain evidentiary rulings, and the refusal to accept her plea to the lesser included offense. We affirm.

■ A detailed statement of the facts of this case is unnecessary. We have examined the transcript of the trial and find no merit to defendant's claim of insufficient evidence to sustain the verdict or any prejudicial rulings as to evidentiary matters. However, her challenge to the refusal of her plea to the lesser offense requires a detailed examination of the pretrial proceedings.

John Lockridge, husband of defendant, was shot and killed on June 2, 1975. There is no dispute that Ann Louise Lockridge, his wife, was responsible for the discharge of the firearm which killed him. She was indicted by the grand jury for the crime of second-degree murder.

On June 22, 1976, defendant appeared in court, represented by counsel. Defense counsel moved the court for an amendment to the charge to reduce the charge to manslaughter in the second degree and offered to plead guilty to that charge. The following dialogue then took place:

"MR. KENNEDY [for the state]: If it please the Court, preliminary, we should say, for the record that this is the case of State of Minnesota versus Ann Louise Lockridge. District Court File 65142. Hennepin County Attorney File 75–1729.

"The defendant is present in Court and represented by her Counsel, Austin Ditzler.

"We are before your Honor, because the assignment clerk has assigned this case to this Court for trial.

"The defendant's statement, with respect to a proposed amendment to the charge, we believe to be inappropriate.

"We suggest that he probably means that pursuant to Minnesota Rules of Criminal Procedure, 15.07, that the defendant asks the Court for permission to enter a plea of guilty to a lesser-included offense, or to an offense of a lesser-degree from that in the Indictment herein.

"It is the position of the State that if the defendant has indicated a desire to plead to a lesser-degree of the crime— that is, a violation of Minnesota Statutes, Section 609.205(1), then the State does not oppose the Court entertaining that motion on the part of the defendant.

"In that connection, the State has not negotiated a plea or has not been a party to a plea negotiation with respect to what any sentence herein shall be.

"THE COURT: All right. This is an offer to plead guilty to Second Degree Manslaughter, under Rule 15.07.

"Right?

"MR. DITZLER [for the defendant]: Yes, Your Honor.

"*THE COURT: All right. It's accepted.*

"Would you arraign the defendant on the Second Degree Manslaughter?

"THE CLERK: Yes, Your Honor.

"It is Miss or Mrs.?

"THE DEFENDANT: Mrs.

"THE CLERK: Mrs. Ann Lockridge, you previously entered a plea of not guilty to the charge of Second Degree Murder.

"Is it your desire to withdraw that not guilty plea today and enter a guilty plea to Manslaughter in the Second Degree?

"THE DEFENDANT: Yes.

"THE CLERK: Mrs. Lockridge, before His Honor, Judge Kantorowicz, how do you now plead to the charge of Manslaughter in the Second Degree?

"THE DEFENDANT: Guilty.

"THE CLERK: Please raise your right hand." (Italics supplied.)

Defendant was placed on the stand and testified as to the facts involved in the death of her husband. Her testimony would have justified the court in accepting her plea to guilty of second-degree manslaughter based on testimony elicited from her by both her attorney and the state's attorney. At the close of her testimony, the court stated: "All right. We'll order a pre-sentence investigation, and this matter is set for June 30th, for sentencing."

On June 30, defendant appeared in court with her attorney. The following dialogue took place:

"MR. KENNEDY: If it please the Court, the record should show that the defendant is present and represented by her counsel, Austin Ditzler.

"We are before the Court pursuant to the direction of the Court, on June 2nd, 1976, after the Court ordered a pre-sentence investigation hearing.

"THE COURT: All right. Mr. Ditzler, did you want to say something for the record?

"MR. DITZLER: Yes, Your Honor.

"I believe that the record should reflect that yesterday, Mr. Kennedy called me and asked me to come over to the Court and meet with Your Honor. And also present at that meeting was Mrs. Flesh of the Hennepin County Court Services.

"At that time, there was some indication that the Court would not accept the plea, at that time.

"Notwithstanding our discussions yesterday, I move the Court to sentence Mrs. Lockridge on her plea of guilty to second degree manslaughter, pursuant to the previous discussions we had concerning appropriate disposition.

"I think that anything in the probation report or pre-sentence investigation could be contra[dictive] to the Court's intended disposition. I think they are merely conclusions—personal conclusions—for whatever reason I do not know, set forth in Mrs. Flesh's report.

"THE COURT: Do you want to respond, Mr. Kennedy?

"MR. KENNEDY: Only this, Your Honor.

"The position of the State is that on June 2nd, 1976 when the defendant testified, the proceedings thereat were insufficient to establish a factual and a legal basis for the Court accepting the plea.

"THE COURT: Well, the motion of the defendant to accept the plea and sentence the defendant accordingly is denied, and the plea is rejected.

"A plea of not guilty to murder in the 2nd degree is reinstated."

▉ Defendant contends that the court had unequivocally accepted her plea of guilty to the lesser charge at the June 2 hearing and was without authority to reject this plea at the June 30 hearing. She relies on the statement of the court quoted above where the judge stated: "All right. It's accepted." The contention of defendant cannot be sustained because at the time the statement was made by the court, there was no plea to accept. The record discloses that this statement was sequentially made by the court where both the state's attorney and defense counsel confirmed the court's statement that defendant was offering to plead guilty to the lesser offense. Defendant did not plead guilty until after the court's statement: It's accepted." It is self-evident that there cannot be an acceptance of a plea that is not yet made. Further, Rules 15.01 and 15.02, Rules of Criminal Procedure, preclude a trial court from accepting a plea of guilty until after the defendant is sworn and questioned.

There is nothing in this record which discloses an acceptance of the plea by the trial court at the June 2 hearing following the guilty plea of defendant and the rendition of her sworn testimony. Rule 15.04, subd. 3, Rules of Criminal Procedure, provides that the trial court shall accept or

reject the plea of guilty. Alternatively, the trial court, under Rule 15.04, subd. 3, may postpone its acceptance or rejection of the plea until it has received the results of a presentence investigation. The rules contemplate that the trial court state its position on the record at the conclusion of defendant's sworn testimony. This did not occur in this case. Therefore, because the trial court had not properly accepted defendant's guilty plea at the June 2 hearing, it had authority under the rules to reject the plea of defendant at the June 30 hearing. Under the facts of this case, the plea was properly rejected. We do caution that it is preferable that the position of the trial court be more clearly stated on the record at the time of the plea to the lesser offense at the conclusion of defendant's sworn testimony. The procedures followed in this case result in confusion and do little to serve the best interests of justice.

Affirmed.

OTIS, Justice (dissenting).

In *State v. Johnson*, 279 Minn. 209, 156 N.W.2d 218 (1968), we rejected the defendant's contention that his conviction should be overturned because the lower court accepted his guilty plea before ascertaining that he was aware of his constitutional rights. In essence, we held that, because the defendant was aware of his rights before entering his plea, the court's failure to make its inquiry before accepting the plea "was obviously without prejudice." 279 Minn. 214, 156 N.W.2d 222.

Here the majority in effect overrules Johnson and holds that the order of the proceedings is determinative. It might be argued that the ruling in Johnson was superseded by Rule 15.04–02, Rules of Criminal Procedure. Nevertheless, the trial court in this case not only accepted defendant's plea prior to its inquiry into her awareness of her rights and the factual basis of the plea, it also reiterated its acceptance at the close of defendant's testimony.

The court stated, "All right. We'll order a pre-sentence investigation, and this mat-

ter is set for June 30th, for sentencing." In the context of the proceedings prior to the swearing and examination of the defendant, this statement clearly constitutes an acceptance of the plea. Even if "All right," is itself ambiguous, setting a hearing date *"for sentencing"* is not. The court cannot sentence the defendant prior to her conviction, and since the court evidently intended to sentence her on June 30, it follows that the court had accepted her plea. Its final manifestation of acceptance was made after the defendant was sworn and questioned and thus complied with Rule 15. The court was therefore without authority to reject the plea on June 30.

I would reverse and remand for resentencing on conviction of second-degree manslaughter.

YETKA, Justice (dissenting).

I join in the dissent of Mr. Justice Otis.

KELLY, Justice (dissenting).

I join in the dissent of Mr. Justice Otis.