STATE of Minnesota, Respondent,

v.

Thomas Edward GENEREUX, Appellant.

No. 47597.

Supreme Court of Minnesota.

Nov. 3, 1978.

C. Paul Jones, Public Defender, J. Christopher Cuneo, Asst. Public Defender, Minneapolis, for appellants.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Jane Prohaska, Sp. Asst. Atty. Gen., St. Paul, David M. Olin, County Atty., Thief River Falls, for respondent.

PER CURIAM.

This is a combined appeal by defendant-petitioner from a judgment of conviction of aggravated damage to property, Minn.St. 609.595, subd. 1(3), which was based on a guilty plea, and from an order denying his petition for postconviction relief. Issues raised on appeal are whether there was an adequate factual basis for the plea, whether the trial court properly refused to put defendant on probation, and whether defendant's attorney effectively represented him. We affirm.

Defendant, charged with burglary and aggravated damage to property, entered a plea of guilty to the charge of aggravated damage to property pursuant to a plea agreement whereby he would receive probation. The court accepted the plea but stated that he was going to require a presentence investigation before sentencing defendant. After receiving the presentence investigation report the court informed defendant that he could not grant probation, as required by the plea agreement, but gave defendant the opportunity to withdraw his plea. Defendant, after consulting with his counsel, agreed to let the plea stand and was sentenced to a prison term.

Technically, under Rule 15.04, subd. 3(1),[1] Rules of Criminal Procedure, the court, instead of formally accepting defendant's plea and then deferring sentencing pending a presentence investigation, should also have deferred accepting the plea until after he had received the presentence investigation report. See, *State v. Lockridge,* 269 N.W.2d 902 (Minn.1978). However, we do not think defendant was unfairly prejudiced by the court's failure to follow this procedure, since the court gave defendant the opportunity to withdraw his plea. See, *State v. Loyd,* 291 Minn. 528, 190 N.W.2d 123 (1971).

The factual-basis requirement is satisfied if the record contains a showing that there is credible evidence available which would support a jury verdict that defendant is guilty of at least as great a crime as that to which he pled guilty. *State v. Goulette,* Minn., 258 N.W.2d 758 (1977); *State v. Gustafson,* 298 Minn. 200, 214 N.W.2d 341 (1974).[2] Applying this test, we conclude that the record in this case contains an adequate factual basis.

There is no merit to defendant's contention that defense counsel failed to represent him adequately.

Affirmed.

---

1. Rule 15.04, subd. 3(1) provides as follows: "(1) *Disclosure of Plea Agreement.* If a plea agreement has been reached which contemplates entry of a plea of guilty, the trial court judge may permit the disclosure to him of the agreement and the reasons therefor in advance of the time for tender of the plea. When such plea is tendered and the defendant questioned, the trial court judge shall reject or accept the plea of guilty on the terms of the plea agreement. The court may postpone its acceptance or rejection until it has received the results of a pre-sentence investigation. If the court rejects the plea agreement, it shall so advise the parties in open court and then call upon the defendant to either affirm or withdraw his plea."

2. The usual way in which the factual-basis requirement is satisfied is for the court to ask the defendant to express in his own words what happened. *State v. Hoaglund,* 307 Minn. 322, 240 N.W.2d 4 (1976). The defendant's statement usually will suggest questions to the court, which then, with the assistance of counsel, can interrogate the defendant in further detail. Other important ways of establishing a factual basis would be to include written statements of witnesses as exhibits or to take testimony of certain witnesses. *State v. Goulette,* Minn., 258 N.W.2d 758 (1977).