*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-0668**

State of Minnesota,
Respondent,

vs.

Patrick James Kissner,
Appellant.

**Filed December 29, 2014**
**Affirmed**
**Larkin, Judge**

Benton County District Court
File No. 05-CR-12-1516

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Philip K. Miller, Benton County Attorney, Foley, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, F. Richard Gallo, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Larkin, Presiding Judge; Peterson, Judge; and Hudson, Judge.

UNPUBLISHED OPINION

**LARKIN**, Judge

Appellant challenges his conviction for failure to register as a predatory offender, arguing that his guilty plea is invalid because it lacks an adequate factual basis. He asks this court to remand for plea withdrawal. We affirm.

## FACTS

The state charged appellant Patrick James Kissner with failure to register as a predatory offender based on conduct that occurred in June 2012. Kissner reached a plea agreement with the state. At the plea hearing, the prosecutor questioned Kissner and established the following factual basis for his guilty plea:

> Q:     [Y]ou are required to register as a predatory offender based on a conviction you received back in 1992, is that correct?
> A:     That is correct.
> Q:     And you still have that requirement to this date that you need to register any changes of address with law enforcement or the BCA, correct?
> A:     Yes.
> Q:     And that requirement was in effect back in June and July of 2012, is that right?
> A:     That is correct.
> Q:     And you had registered as your address the Gateway Motel which is located at 310 Lincoln Avenue Southeast in the City of St. Cloud, Benton County, Minnesota, is that right?
> A:     That is correct.
> Q:     And did you check out of that motel on June 25th of 2012?
> A:     Yes.
> Q:     When you did that did you inform law enforcement or probation or anyone as required that you were moving?
> A:     No.

> Q:   And, in fact, no one would have known where you were until July 8th. So for almost two weeks your whereabouts were unknown, is that right?
>
> A:   That is correct.

The district court found Kissner's admissions to be a sufficient factual basis and accepted his guilty plea. At the sentencing hearing nearly two months later, Kissner asked the district court to continue the hearing based on his sister's upcoming surgery. The district court denied that request. In response, Kissner told the district court that he wanted to withdraw his guilty plea and have a trial, "[b]ecause my family is more important to me, and I would rather be out there with my sister . . . be around for her. I mean, this is real important." The district court responded, "I am not going to grant your request to withdraw your plea on that basis, sir. You have the opportunity to pursue an appeal if you choose to do that." Kissner stated, "Besides I'm not guilty of the charge here either." The district court denied Kissner's request for plea withdrawal.

Kissner appeals, arguing that he should have been allowed to withdraw his plea.

## DECISION

A defendant does not have an absolute right to withdraw a guilty plea. *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). Withdrawal is appropriate in two circumstances. First, a district court must allow a defendant to withdraw his plea at any time if "withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. Second, a district court may permit withdrawal before sentencing "if it is fair and just to do so." Minn. R. Crim. P. 15.05, subd. 2. Even though the district court denied Kissner's presentence request for plea withdrawal, Kissner does not argue for

3

relief under the fair-and-just standard. His argument focuses on the validity of his plea. We limit our analysis in accordance with Kissner's approach. *See State v. Butcher*, 563 N.W.2d 776, 780 (Minn. App. 1997) (stating that issues not briefed on appeal are waived), *review denied* (Minn. Aug. 5, 1997).

A manifest injustice exists if a guilty plea is not valid. *Theis*, 742 N.W.2d at 646. "A defendant bears the burden of showing his plea was invalid." *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). The validity of a plea is a question of law that we review de novo. *Id.*

To be valid, a guilty plea must be "accurate, voluntary and intelligent." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). "A proper factual basis must be established for a guilty plea to be accurate." *Theis*, 742 N.W.2d at 647 (quotation omitted). "The factual basis must establish sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty." *Munger v. State*, 749 N.W.2d 335, 338 (Minn. 2008) (quotations omitted).

The district court should not accept a guilty plea unless the record supports the conclusion that the defendant actually committed an offense at least as serious as the crime to which he is pleading guilty. *State v. Goulette*, 258 N.W.2d 758, 762 (Minn. 1977); *State v. Hoaglund*, 307 Minn. 322, 325, 240 N.W.2d 4, 5 (1976). "An appellate court, on appeal, will reject a guilty plea if it concludes the [district court] could not fairly have concluded that the defendant's plea was accurate." *State v. Warren*, 419 N.W.2d 795, 798 (Minn. 1988). "Although there are various ways to present the factual basis for a guilty plea, all of them contemplate the disclosure on the record of the specific facts

that would establish the elements of the crime to which the defendant is pleading guilty." *State v. Misquadace*, 629 N.W.2d 487, 491-92 (Minn. App. 2001), *aff'd*, 644 N.W.2d 65 (Minn. 2002).

Kissner pleaded guilty to failure to register as a predatory offender under Minn. Stat. § 243.166, subd. 5(a) (2012). Section 243.166, subdivision 5(a), provides that a person who is required to register "who knowingly violates any of [section 243.166's] provisions or intentionally provides false information to a corrections agent, law enforcement authority, or the [Minnesota Bureau of Criminal Apprehension] is guilty of a felony." Kissner was specifically charged with violating Minn. Stat. § 243.166, subd. 3(b) (2012), which provides that "at least five days before [a person required to register] starts living at a new primary address, including living in another state, the person shall give written notice of the new primary address to the assigned corrections agent or to the law enforcement authority with which the person currently is registered."

Kissner argues that his "guilty plea is insufficient" because it lacks "an acknowledgment or finding that [he] knowingly violated his requirements or intentionally provided false information." He asserts that "[t]he record contains no discussion as to whether [he] knew the details behind his obligation to register as a predatory offender, knew he was violating his requirements to register any changes with his probation agent or law enforcement, or . . . intentionally provided false information."

5

The transcript of Kissner's plea hearing belies his argument.[1] Kissner acknowledged that he knew he was required to register, that the requirement was in effect when he checked out of the hotel that he had registered as his primary address, and that he failed to notify anyone that he had moved for two weeks. These statements established sufficient facts to support a conclusion that Kissner was guilty of failure to register as charged by the state. Kissner's plea therefore was accurate. Because Kissner does not offer any other basis for plea withdrawal, we affirm.

**Affirmed.**

---

[1] We also note that the presentence investigation report in this case indicates that at the time of Kissner's guilty plea, he had four prior convictions stemming from his failures to meet registration and notification requirements as a predatory offender, which suggests that he was familiar with the statutory registration requirements.