*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0371**

State of Minnesota,
Respondent,

vs.

Aaron Bernard Zuckman,
Appellant.

**Filed January 3, 2017
Affirmed
Rodenberg, Judge**

Steele County District Court
File No. 74-CR-15-985

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Dan McIntosh, Steele County Attorney, Christy M. Hormann, Chief Deputy County Attorney, Owatonna, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Chang Y. Lau, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Rodenberg, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

Appellant Aaron Bernard Zuckman challenges the district court's order denying his motion to withdraw his guilty plea, arguing that it erred because plea withdrawal was

required to correct a manifest injustice. Alternatively, appellant argues that the district court erred by failing to evaluate his plea-withdrawal motion under the fair-and-just standard. We affirm.

## FACTS

This case arises from a police chase that ended when appellant used his truck to ram a squad car being driven by a police officer. The chase began when an officer signaled appellant to pull over and appellant refused to stop his truck. Appellant then led police on a nighttime chase through downtown Owatonna, ending when appellant drove into a Burger King parking lot and the pursuing police partially blocked his exit. Squad car video shows that appellant then aimed his truck at one of the squad cars, and rammed the squad car. Police then surrounded appellant's truck and arrested him.

The state charged appellant with second-degree assault with a dangerous weapon, fleeing in a motor vehicle, driving after license revocation, and fourth-degree criminal damage to property. Appellant agreed to plead guilty to second-degree assault, and agreed to pay restitution, in exchange for the state dismissing the other three charges.

At the plea hearing, appellant entered his plea of guilty and testified about the chase. The district court then asked appellant some follow-up questions:

> THE COURT: And do you remember at some point, basically, aiming your vehicle at a patrol car?
> THE DEFENDANT: At one point or another, yes, Your Honor.
> THE COURT: And according to the information in the complaint, the officer . . . felt that you actually accelerated before you crashed into his squad car?
> THE DEFENDANT: Whether or not that be true, I'm just here, I'm willing to accept what I have done wrong, you know. I have made choices that—that are, you know, that I regret, that they're

2

going to follow me probably for quite a while in my lifetime, but, you know, being a man, you know, I have to own up to those choices that I made.

THE COURT: Sure. Sure. Okay. Well, let me ask you just a few more questions here. Do you believe that a motor vehicle can be used in such a way that it can cause death or great bodily harm?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And do you agree that if the driver of a motor vehicle intentionally strikes another motor vehicle it is likely that the occupant of the other vehicle would be worried about being injured as a result of that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And so whether or not you accelerated, it was your intention to hit the squad car thinking perhaps you could still get away at that point?

THE DEFENDANT: Yes.

The district court then accepted appellant's guilty plea to the charge of second-degree assault.

Two months after pleading guilty, but before sentencing, appellant moved to withdraw his guilty plea under Minn. R. Crim. P. 15.05, subds. 1 and 2. The district court denied appellant's motion.

This appeal followed.

**D E C I S I O N**

Appellant argues that his plea was invalid and that the district court should have granted his motion to withdraw it under either the manifest-injustice standard or the fair-and-just standard. Appellant argues that the district court should have allowed the plea withdrawal under Minn. R. Crim. P. 15.05, subd. 1, because the withdrawal was necessary to correct a manifest injustice. Alternatively, he argues that the district court abused its

3

discretion in denying his motion to withdraw under Minn. R. Crim. P. 15.05, subd. 2, because the district court failed to analyze his motion using the fair-and-just standard.

## I. Withdrawal under Minn. R. Crim. P. 15.05, subd. 1

We first consider appellant's motion to withdraw his plea under Minn. R. Crim. P. 15.05, subd. 1, as having been invalid, and therefore a manifest injustice. A defendant may withdraw a guilty plea if he provides proof that "withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. "A manifest injustice exists if a guilty plea is not valid." *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010).

We review the validity of a guilty plea de novo, and a party seeking to withdraw his plea has the burden to show his plea was invalid. *Id*. We are particularly wary of pleas where "the factual basis is established by asking a defendant only leading questions." *Id*.

A guilty plea is invalid if it is not "accurate, voluntary, and intelligent." *Id*. Appellant argued to the district court, and maintains on appeal, that his plea was invalid because it was inaccurate.[1] "To be accurate, a plea must be established on a proper factual basis." *Lussier v. State*, 821 N.W.2d 581, 588 (Minn. 2012) (quotations omitted). A plea has a sufficient factual basis when "the record contains a showing that there is credible evidence available which would support a jury verdict that defendant is guilty of at least as great a crime as that to which he pled guilty." *State v. Genereux*, 272 N.W.2d 33, 34 (Minn. 1978).

---

[1] In his brief, appellant suggests that his plea may also be invalid because it was not made intelligently. However, appellant did not advance this argument to the district court, so we do not consider it. *Roby v. State*, 547 N.W.2d 354, 357) (Minn. 1996).

4

The state charged appellant with second-degree assault under the theory that he drove his truck at the squad car "with intent to cause fear in another of immediate bodily harm or death." Minn. Stat. § 609.02, subd. 10(1) (2014). This is a specific-intent crime. *State v. Fleck*, 810 N.W.2d 303, 309 (Minn. 2012). Intent is "generally proved circumstantially—by drawing inferences from the defendant's words and actions in light of the totality of the circumstances." *State v. Cooper*, 561 N.W.2d 175, 179 (Minn. 1997). "Intent can be inferred from the idea that a person intends the natural consequences of his or her actions." *Nelson v. State*, 880 N.W.2d 852, 860 (Minn. 2016) (quotation omitted). When deciding if the evidence is sufficient to find intent, the district court "must make certain that facts exist from which the defendant's guilt of the crime charged can be reasonably inferred." *Id*. at 861 (quotation omitted)[2].

Here the district court established the following facts by questioning appellant:

(1)     Appellant believed that "if the driver of a motor vehicle intentionally strikes another motor vehicle it is likely that the occupant of the other vehicle would be worried about being injured as a result of that";

(2)     Appellant aimed his truck at the squad car with the officer in it, intending to hit the squad car so he could possibly escape; and

(3)     Appellant actually hit the squad car with his truck.

---

[2] In *Nelson*, the Minnesota Supreme Court rejected appellant's argument that the district court should apply the *Al-Naseer* standard of evaluating circumstantial evidence in the context of a plea withdrawal. *Nelson*, 880 N.W.2d at 861.

Appellant agreed that intentionally striking a car with his truck would likely cause fear in an occupant of the car, and agreed that he intentionally struck the squad car with his truck. A person intends the natural consequences of his actions. *Nelson*, 880 N.W.2d at 860. Absent any claim of mistake or reduced mental capacity, this record is sufficient to show that appellant intended to assault the officer. Appellant's plea was accurate and valid. Therefore, withdrawal of the plea is not necessary to correct a manifest injustice. The district court was not required to grant appellant's motion to withdraw on this basis.

## II.     Withdrawal under Minn. R. Crim. P. 15.05, subd. 2

Appellant next argues that the district court erred by not evaluating his motion for plea withdrawal under the fair-and-just standard. We review a district court's decision to deny a plea-withdrawal motion for abuse of discretion, "reversing only in the 'rare case.'" *Raleigh*, 778 N.W.2d at 97 (quoting *Kim v. State*, 434 N.W.2d 263, 266 (Minn. 1989)).

District courts have discretion to allow a defendant to withdraw a guilty plea "if it is fair and just to do so." Minn. R. Crim. P. 15.05, subd. 2. When considering whether withdrawal is "fair and just," a district court must "give due consideration to two factors: (1) the reasons a defendant advances to support withdrawal and (2) prejudice granting the motion would cause the state given reliance on the plea." *Raleigh*, 778 N.W.2d at 97 (quotation omitted); *see also* Minn. R. Crim. P. 15.05, subd. 2. A defendant bears the burden of providing reasons to support withdrawal, and the state bears the burden of showing prejudice caused by the withdrawal. *Raleigh*, 778 N.W.2d at 97. However, even if the state fails to show prejudice, a district court may still deny a defendant's motion if the defendant fails to advance reasons why withdrawal is fair and just. *Id.* at 98.

6

Appellant's only argument to the district court supporting plea withdrawal was that his guilty plea was invalid. As discussed above, the district court correctly found that appellant's plea was valid. Having rejected appellant's only argument in favor of withdrawal, the district court acted within its discretion in denying the plea withdrawal under the fair-and-just standard without any separate express analysis. Appellant advances no authority for the notion that the fair-and-just standard requires that a district court allow an otherwise valid plea to be withdrawn without any further showing of unfairness or injustice.

The plea colloquy in this case was imperfect, but adequate. Appellant was competent, represented by counsel, and willingly and freely pleaded guilty. He admitted intentionally directing his truck toward another occupied vehicle and ramming that vehicle. He has not demonstrated error by the district court in denying his motion to withdraw his guilty plea.

**Affirmed.**