STATE of Minnesota, Respondent,

v.

Dale GOULETTE, Appellant.

No. 45831.

Supreme Court of Minnesota.

Sept. 9, 1977.

C. Paul Jones, Public Defender, Robert E. Oliphant, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, John O. Sonsteng, County Atty., H. Richard Hopper, Asst. County Atty., Hastings, for respondent.

Heard before SHERAN, C. J., and RO-GOSHESKE, PETERSON, KELLY, SCOTT and PLUNKETT, JJ., and considered and decided by the court en banc.

ROGOSHESKE, Justice.

■ Defendant, under indictment for first-degree murder, entered a negotiated plea of guilty to a reduced charge of second-degree murder and was sentenced by the trial court to a maximum term of 25 years in prison. The central issue on this appeal by defendant from judgment of conviction is under what circumstances a trial court properly may accept a guilty plea when the plea is accompanied by a claim of innocence. Relying upon *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), we hold that a trial court may accept a plea of guilty by an accused even though the accused claims he is innocent if the court, on the basis of its interrogation of the accused and its analysis of the factual basis offered in support of the plea, reasonably concludes that there is evidence which would support a jury verdict of guilty and that the plea is voluntarily, knowingly, and understandingly entered. In this case, we believe that the record shows there was enough evidence to support a finding that defendant was guilty of at least second-degree murder, and that defendant's decision to make that plea rather than face trial on the first-degree murder charge was an intelligent and voluntary choice based upon the advice of counsel and a full understanding of the options. Accordingly, we affirm.

This case had its genesis on July 28, 1974, when Michael Riskin, while in defendant's presence, shot and killed a mutual acquaintance of theirs, Glyn Hobbs, in Apple Valley, Dakota County. Following the arrest of Riskin and defendant, the grand jury of Dakota County indicted Riskin for first-degree murder and defendant as an accessory to first-degree murder. The precise issue with which we are concerned arose when defendant entered a negotiated guilty plea to a reduced charge of second-degree murder. At the hearing on the acceptance of that plea, defendant denied any foreknowledge of the shooting and denied any intent to assist Riskin in it, but nonetheless expressed a desire to plead guilty to second-degree murder because of the strength of the prosecution's case and the possibility that if he went to trial he might be convicted of first-degree murder and receive a mandatory sentence of life imprisonment. The factual basis offered in support of defendant's plea consisted of a recitation by defense counsel, in summary form, of some of the key evidence which the prosecutor would have offered in an attempt to prove first-degree murder if the case had gone to trial.

In rejecting defendant's contention that the acceptance of his plea was inappropriate under the circumstances, we rely primarily on *North Carolina v. Alford, supra,* in which the Supreme Court held that a trial court did not commit Federal constitutional error in accepting a guilty plea to second-degree murder by a state criminal defendant indicted for the capital crime of first-degree murder. Even though defendant in that case professed his innocence when he entered his plea, there was a strong factual basis for the plea, and the defendant's plea was intelligent and voluntary and made with understanding of his rights and of the nature and elements of the charge.

■ As the court pointed out in *Alford,* a judgment of conviction based on a guilty plea is normally justified by the defendant's admission of guilt and by the defendant's knowing and voluntary waiver of a trial. Since an admission of guilt is central to the plea of guilty, the argument can be made that a trial court should not be permitted to accept a guilty plea when the accused accompanies his plea with a denial of guilt or with statements inconsistent with guilt. Perhaps the key consideration for a trial court faced with a decision whether to accept a guilty plea is whether the plea is

intelligently, knowingly, and voluntarily made. When a defendant pleads guilty but at the same time denies that he is in fact guilty, the rationality of the defendant's decision is immediately called into question, for we must assume that normally persons who believe they are innocent of criminal charges do not plead guilty to those charges.

■ Nevertheless, as the *Alford* case demonstrates, there are situations where an accused's decision to plead guilty is a rational decision even though the accused for some reason cannot bring himself to admit his guilt. Thus, in *Alford* the accused was faced with trial on a charge of first-degree murder, and the evidence was such that there was a strong probability that he would be convicted of that charge, a result which would subject the defendant to the possibility of receiving the death penalty. As the court in *Alford* put it, "[w]hether he realized or disbelieved his guilt, he insisted on his plea because in his view he had absolutely nothing to gain by a trial and much to gain by pleading." 400 U.S. 37, 91 S.Ct. 167, 27 L.Ed.2d 171.

In *Alford,* the court specifically said that states may bar their courts from accepting pleas from any defendants who assert their innocence. 400 U.S. 38, note 11, 91 S.Ct. 168, 27 L.Ed.2d 172. Until this case, we have not been faced directly with the issue of whether to follow the reasoning of the *Alford* case—that there are situations where *Alford*-type pleas make sense and should be accepted. We have cited *Alford* in a number of cases, but those were cases in which the defendants, while not maintaining their innocence, did not unequivocally admit guilt. See, e. g., *Pearson v. State,* Minn., 241 N.W.2d 490 (1976).

Facing the issue directly for the first time, we now hold that a trial court may accept a plea of guilty by an accused even though the accused protests that he is innocent if the court, on the basis of its interrogatories of the accused and its analysis of the factual basis offered in support of the plea, concludes that the evidence would support a jury verdict of guilty, and that the plea is voluntarily, knowingly, and understandingly entered.

■ Elaborating on this decision, we wish to emphasize that it is absolutely crucial that when an *Alford*-type plea is offered the trial court should not cavalierly accept the plea but should assume its responsibility to determine whether the plea is voluntarily, knowingly, and understandingly made, and whether there is a sufficient factual basis to support it. See, *State v. Hoaglund,* 307 Minn. 322, 240 N.W.2d 4 (1976). The key consideration is whether the plea is voluntary and represents a knowing and intelligent choice of the alternative courses of action available. Thus, the factual-basis requirement would appear to be essential to a determination of this issue. As the court stated in *Alford,* the factual-basis requirement provides a means by which the trial court can test whether the plea is being intelligently entered, since an *Alford*-type plea could hardly be accepted as an intelligent, rational plea if there were an insufficient factual basis offered to support it.[1]

■ In this case, the factual basis supporting defendant's plea was provided by the public defender, who recited in summary form some of the key evidence which the prosecution would have offered in evidence to prove first-degree murder if the case had gone to trial. In future similar cases, especially those involving major felonies, a better practice would be the introduction, by the prosecutor, of statements of witnesses or other items from his file which would aid the court in its determination. In appropriate cases, the prosecutor might even consider calling some of the state's witnesses for the purpose of giving a shortened version of what their testimony would be were the case to go to trial.

1. Our decisions in *State v. Hoaglund,* 307 Minn. 322, 240 N.W.2d 4 (1976), and *Beaman v. State,* 301 Minn. 180, 221 N.W.2d 698 (1974), illustrate the importance of the factual-basis requirement in all guilty-plea cases, not just those involving *Alford*-type pleas.

Once the trial court is satisfied that the record contains a showing that there is evidence which would support a jury verdict that the defendant is guilty of at least as great a crime as that to which he is pleading guilty, then the court may proceed to determine whether under all the circumstances the plea is voluntarily, knowingly, and understandingly entered.

Having said this, we believe we should add the caveat that, even though it has been determined that a defendant's *Alford*-type plea is constitutionally valid, there may be cases where the court nonetheless may decide against accepting the plea agreement on which the plea is based. Neither the constitution nor our Rules of Criminal Procedure give to a criminal defendant an absolute right to have his plea of guilty accepted. Indeed, Rule 15.04, subd. 3(2), Rules of Criminal Procedure, relating to the acceptance of plea agreements, specifically provides that one of the several factors to be considered by a court is whether the defendant "has acknowledged his guilt and shown a willingness to assume responsibility for his conduct."

In this case, we hold, upon a detailed examination of both the plea and postconviction proceedings, that the record supports the trial court's determination that the plea was voluntarily, knowingly, and understandingly entered, and that there was a sufficient factual basis for the plea.

Affirmed.

TODD, J., took no part in the consideration or decision of this case.