# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A14-0275

Jane Doe 136,
Appellant,

vs.

Ralph Liebsch,
Respondent.

**Filed December 1, 2014**
**Affirmed**
**Johnson, Judge**

Washington County District Court
File No. 82-CV-11-1970

Jeff R. Anderson, Gregg Meyers, Michael G. Finnegan, Jeff Anderson & Associates, PA, St. Paul, Minnesota (for appellant)

James T. Martin, Gislason, Martin, Varpness & Janes PA, Edina, Minnesota (for respondent)

Considered and decided by Hooten, Presiding Judge; Connolly, Judge; and Johnson, Judge.

## S Y L L A B U S

In the jury trial in this civil case, the district court did not abuse its discretion by excluding evidence that the defendant previously pleaded guilty pursuant to *North Carolina v. Alford* in a criminal case that was based on the same alleged underlying conduct.

**O P I N I O N**

**JOHNSON**, Judge

Ralph Liebsch was accused of committing criminal sexual conduct against a young girl. The criminal case was resolved when Liebsch entered an *Alford* guilty plea, which does not require an admission of the facts alleged in a criminal complaint. Years later, the woman who allegedly was abused during her childhood commenced this civil case against Liebsch. When the case was tried to a jury, the district court did not allow the woman to introduce evidence that Liebsch had resolved the criminal charges by entering a guilty plea pursuant to *Alford*. The jury returned a verdict in favor of Liebsch. We conclude that the district court did not abuse its discretion by excluding evidence of Liebsch's *Alford* plea and, therefore, affirm.

**FACTS**

In 2008, the state charged Ralph Liebsch in Washington County with one count of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct. The criminal complaint alleged that Liebsch engaged in sexual contact with a seven- or eight-year-old girl during the summer and fall of 2000. In 2010, the state and Liebsch entered into a plea agreement by which Liebsch would plead guilty to one count of fifth-degree criminal sexual conduct pursuant to *North Carolina v. Alford*,[1] the state

---

[1]In *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970), the United States Supreme Court held that a defendant's admission of "his participation in the acts constituting the crime" "is not a constitutional requisite to the imposition of criminal penalty." *Id.* at 37, 91 S. Ct. at 167. The Minnesota Supreme Court expressly approved of *Alford* pleas in *State v. Goulette*, 258 N.W.2d 758 (Minn. 1977). The supreme court held that, in appropriate circumstances, a district court "may accept a plea of guilty by an

2

would dismiss the remaining charges, and the district court would impose a probationary sentence. The district court accepted the plea on those terms.

In 2011, a woman identified by the pseudonym Jane Doe 136 commenced this civil action against Liebsch in the Washington County District Court. Doe alleged that Liebsch engaged in tortious conduct against her in 2000. This civil case is based on the same factual allegations that were at issue in the criminal case. In his answer to the complaint, Liebsch denied engaging in the alleged tortious conduct but admitted that he pleaded guilty to fifth-degree criminal sexual conduct.

In January 2012, Liebsch served and filed a motion *in limine* in which he requested that the district court exclude evidence of his *Alford* plea. At a pre-trial hearing in April 2012, the district court granted Liebsch's motion *in limine*. The district court reasoned that the probative value of the evidence concerning Liebsch's *Alford* plea is substantially outweighed by the danger of unfair prejudice.

The case was tried in June 2013. The jury returned a verdict in favor of Liebsch. Doe later moved for a new trial on the ground that the district court erred by excluding

accused even though the accused protests that he is innocent." *Id.* at 761. The supreme court acknowledged that "there are situations" in which a decision to plead guilty despite a claim of innocence "is a rational decision." *Id.* The supreme court cited the example of the defendant in *Alford*, who maintained his innocence despite evidence that created a "strong probability that he would be convicted" of first-degree murder and chose to plead guilty rather than face the possibility of a death sentence if a jury were to find him guilty. *Id.* Under Minnesota law, an *Alford-Goulette* plea is valid if the defendant "agrees that evidence the State is likely to offer at trial is sufficient to convict" and if the district court independently determines that there is a strong factual basis for a finding of guilty and a strong probability that a jury would find the defendant guilty. *State v. Theis*, 742 N.W.2d 643, 649 (Minn. 2007).

evidence of the *Alford* plea.  In January 2014, the district court denied Doe's motion for a new trial.  Doe appeals.

**ISSUE**

Did the district court err by excluding evidence of Liebsch's *Alford* plea?

**ANALYSIS**

Doe argues that the district court erred by excluding evidence of Liebsch's *Alford* plea and by denying her motion for a new trial.

**A.**

Our analysis is governed by article 4 of the Minnesota Rules of Evidence, which is concerned with relevancy.  Evidence is considered relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Minn. R. Evid. 401.  Relevant evidence generally is admissible, and evidence that is not relevant is not admissible.  Minn. R. Evid. 402.  Even if relevant, evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Minn. R. Evid. 403.  In considering probative value, a district court should ask whether, and to what degree, the evidence "advances the inquiry."  *State v. Schulz*, 691 N.W.2d 474, 478 (Minn. 2005).  In considering the danger of unfair prejudice, a district court should bear in mind that "[u]nfair prejudice under rule 403 is not merely damaging evidence, even severely

4

damaging evidence; rather, unfair prejudice is evidence that persuades by illegitimate means, giving one party an unfair advantage." *Id*.

If a district court erroneously excludes relevant evidence in a civil jury trial, this court may reverse and remand for a new trial, unless the error is harmless. *Becker v. Mayo Found.*, 737 N.W.2d 200, 214 (Minn. 2007). Similarly, if a district court erroneously denies a motion for a new trial under rule 59.01(f) of the Minnesota Rules of Civil Procedure based on the introduction or exclusion of evidence, this court also may reverse and remand for a new trial, unless the error is harmless. *Kroning v. State Farm Auto. Ins. Co.*, 567 N.W.2d 42, 45-46 (Minn. 1997); *Myers v. Winslow R. Chamberlain Co.*, 443 N.W.2d 211, 215 (Minn. App. 1989), *review denied* (Minn. Sept. 27, 1989). This court applies an abuse-of-discretion standard of review to a district court's pre-trial evidentiary rulings and to its ruling on a motion for a new trial. *Johnson v. Washington County*, 518 N.W.2d 594, 601 (Minn. 1994).

**B.**

In this case, the district court granted Liebsch's motion *in limine* in a written order and memorandum. The district court reasoned that, in light of the nature of an *Alford* plea, Doe's evidence had some degree of probative value because it would tend to prove that, in 2010, Liebsch believed that a jury likely would find him guilty if they found the state's witnesses to be credible. *See supra* note 1. But the district court noted that an *Alford* plea "constitutes nothing more." The district court expressly invoked rule 403 and concluded that "any mention of the *Alford* plea would be substantially more prejudicial to the Defendant than probative to the Plaintiff's case."

5

We approve of the district court's reasoning, which appropriately considers the atypical features of an *Alford* plea. If a person pleads guilty in the conventional way by admitting to the conduct alleged in the criminal complaint, the guilty plea may be admissible in a subsequent civil case in which the same conduct is at issue. *See, e.g.*, *Glen Falls Group Ins. Corp. v. Hoium*, 294 Minn. 247, 252, 200 N.W.2d 189, 192 (1972). But, for reasons that are plainly expressed in both federal and Minnesota law, an *Alford* plea does not depend on the defendant's admission of the facts alleged in the criminal complaint. *See Alford*, 400 U.S. at 37, 91 S. Ct. at 167; *Theis*, 742 N.W.2d at 649. Because of that fundamental difference, an *Alford* plea cannot be treated in the same manner as a guilty plea that includes an unqualified admission of guilt. The district court in this case appropriately recognized that an *Alford* plea, properly understood, indicates nothing more than the defendant's belief that the state's evidence was sufficient to support a guilty verdict and that a jury was likely to return a verdict of guilty. *See Theis*, 742 N.W.2d at 649. The district court appropriately reasoned that the probative value of such a proposition does not meaningfully "advance[] the inquiry" concerning whether Liebsch engaged in tortious conduct. *See Schulz*, 691 N.W.2d at 478.

Furthermore, there are numerous reasons why evidence of an *Alford* plea might frustrate a proper inquiry, reasons that are incorporated into the language of rule 403: "unfair prejudice, confusion of the issues, or misleading the jury" and "undue delay, waste of time, or needless presentation of cumulative evidence." Minn. R. Evid. 403. In a case such as this one, a jury might, for example, infer that Liebsch committed a crime simply because he willingly accepted a criminal conviction, even though the caselaw

6

allows him to plead guilty while maintaining his innocence. A jury might fail to fully comprehend or appreciate the nature of an *Alford* plea, which is a subject usually reserved to persons with legal training. Admitting evidence of the *Alford* plea also might create a risk that the evidence would be misused by the offering party, who might insert it into closing arguments in a manner that is inconsistent with its limited probative value.

In addition, we are persuaded by Liebsch's contention that admission of the *Alford* plea might open the floodgates to a large volume of evidence about the criminal proceedings. If evidence of the *Alford* plea were admitted, Liebsch might be motivated to introduce evidence about why he chose to enter an *Alford* plea, which might require the testimony of his attorney in the criminal case, the prosecutor, and perhaps other persons. In that event, the evidence about the circumstances surrounding the *Alford* plea would tend to prolong the trial and distract the jurors' attention from the underlying allegations concerning what occurred or did not occur in 2000. It is important to remember that the district court's ruling in this case did not limit Doe's ability to introduce evidence that goes directly to her factual allegations.

Thus, the district court conducted a proper balancing under rule 403 of the probative value and prejudicial effect of the evidence of Liebsch's *Alford* plea and did not abuse its discretion by excluding the evidence.

## C.

Doe makes a few additional arguments as to why the district court erred by excluding the evidence of Liebsch's *Alford* plea.

7

First, Doe contends that the evidence of Liebsch's *Alford* plea should have been deemed admissible because Liebsch admitted in his answer that he entered an *Alford* plea, which, Doe contends, means that the *Alford* plea is "conclusively established." Doe essentially contends that the evidence is admissible *per se* because the evidence is consistent with Liebsch's pleading. It is true that a fact that is admitted in an answer to a complaint is deemed to be conclusively established such that the defendant cannot dispute the fact at trial. *JEM Acres, LLC v. Bruno*, 764 N.W.2d 77, 81 (Minn. App. 2009). But that principle assumes that the admitted allegation is relevant at trial. Doe has not cited any authority for the proposition that the rules of evidence do not apply or are superseded merely because proffered evidence relates to a fact that was admitted in a pleading. If the rules of evidence were precluded in that manner, a district court might be unable to maintain control of a civil trial merely because one or both parties pleaded the case in a broad manner. We note that, in this case, Liebsch did not attempt to take a position that is inconsistent with his answer to the complaint. He simply sought to exclude evidence on the ground that its probative value is outweighed by the danger of unfair prejudice.

Second, Doe contends that the district court erred by not reconsidering its *in limine* ruling and allowing her to cross-examine Liebsch after he testified that he has denied the allegations "any time anybody has asked" about them and has never told anyone anything other than that he denied the conduct alleged against him. Doe contends that this portion of Liebsch's testimony is inconsistent with his *Alford* plea and that he thereby "opened the door" to cross-examination concerning the *Alford* plea. "Opening the door occurs

8

when one party by introducing certain material creates in the opponent a right to respond with material that would otherwise have been inadmissible." *State v. Bailey*, 732 N.W.2d 612, 622 (Minn. 2007) (quotation omitted). Contrary to Doe's argument, Liebsch's testimony is not inconsistent with his *Alford* plea. During his plea hearing in 2010, he consistently denied that he engaged in the conduct alleged in the criminal complaint. His criminal defense attorney and the district court expressly noted that he was not admitting the facts that were alleged by the state.[2] Furthermore, Liebsch's trial testimony in the civil case did not make any reference to his *Alford* plea. Thus, Liebsch did not "open the door" to cross-examination about his *Alford* plea.

Third, Doe contends that evidence of Liebsch's *Alford* plea should not have been excluded because it is a non-hearsay statement by a party opponent pursuant to article 8 of the rules of evidence. *See* Minn. R. Evid. 801(d)(2)(A). But the district court did not exclude the evidence on the ground that it is inadmissible hearsay evidence. Thus, Doe's contention based on an exemption to the hearsay rule is simply beside the point.

We note that Liebsch argues, in the alternative, that the district court erred by not dismissing Doe's motion for a new trial on the ground that it is untimely. The district

---

[2]At oral argument, Doe's counsel drew the court's attention to paragraphs 24 and 25 of Liebsch's plea petition, which states, "My attorney has told me and I understand that a judge will not accept a plea of guilty for anyone who claims to be innocent," and "I now make no claim that I am innocent." Those two paragraphs correspond to paragraphs 24 and 25 of the form petition that is found in appendix A to rule 15 of the Minnesota Rules of Criminal Procedure. *See* Minn. R. Crim. P. 15 app. A. The district court noted that paragraphs 24 and 25 are inconsistent with an *Alford* plea and therefore "didn't apply to the kind of plea that Mr. Liebsch entered." For that reason, the district court was not convinced that paragraphs 24 and 25 made Liebsch's trial testimony untruthful. The district court did not err in its analysis. *See* Minn. R. Crim. P. 15.09.

court noted Liebsch's untimeliness argument but declined to address it because the district court denied the motion on the merits. Likewise, we need not consider the untimeliness issue because we agree with Liebsch that the district court did not err by denying the motion for a new trial on the merits.

## D E C I S I O N

The district court did not abuse its discretion by excluding Doe's evidence of Liebsch's *Alford* plea.

**Affirmed.**