*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1001**

Daniel Justin Olson, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed January 12, 2015
Affirmed
Minge, Judge\***

Pipestone County District Court
File No. 59-CR-11-519

Cathryn Middlebrook, Chief Appellate Public Defender, Erik Irving Withall, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James E. O'Neill, Pipestone County Attorney, Damain D. Sandy, Assistant County Attorney, Pipestone, Minnesota (for respondent)


        Considered and decided by Hudson, Presiding Judge; Stauber, Judge; and Minge, Judge.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**MINGE**, Judge

Appellant Daniel Justin Olson challenges the denial of his postconviction petition seeking to withdraw his 2012 guilty plea to fourth-degree criminal sexual conduct. He argues that his *Alford* plea lacked an adequate factual basis and was otherwise invalid given his low intellectual functioning. We affirm.

## FACTS

In December 2011, appellant, who was then 19 years old, was charged with two counts of criminal sexual conduct involving two girls. Count 1 charged him with first-degree criminal sexual conduct for allegedly engaging in sexual intercourse with an 11-year-old ("A"), in violation of Minn. Stat. § 609.342, subd. 1(a) (2010). Count 2 charged appellant with second-degree criminal sexual conduct for allegedly engaging in sexual contact with a 13-year-old ("B") by touching her breasts and genital area, in violation of Minn. Stat. § 609.345, subd. 1(b) (2010). The complaint alleged that the offenses occurred on November 29, 2011, when the two girls were at appellant's apartment visiting a friend. The complaint further alleged that A's brother learned of the incidents when he found a note in A's diary and reported the incidents to a Pipestone County Deputy Sheriff, who conducted separate, taped interviews with the girls on December 19, 2011. Those interviews formed the basis for the probable cause section of the complaint.

On June 19, 2012, a plea hearing was held at which appellant was represented by legal counsel. In exchange for dismissal of count 1, appellant agreed to enter an *Alford* plea to an amended count 2, reducing the charge to fourth-degree criminal sexual conduct

involving the 13-year-old, in violation of Minn. Stat. § 609.345, subd. 1(b) (2010). The district court reviewed the terms of the plea agreement with appellant, fully advised appellant of his rights, and appellant affirmatively waived those rights. The prosecutor then asked appellant if he had reviewed and read the reports, statements, and records "with regard to the complaint made against you and the allegations." Appellant responded that he had read them. The prosecutor then set forth the factual basis as follows:

> [The prosecutor]: And are you aware that, if the State had to put this matter to trial, the State would produce witnesses that would, um, basically state that in - - in May - - or - - in November - - on November 29th of 2011 there was a girl designated as "A" in the complaint who was eleven years of age and another one who was designated "B", um, arrived at your apartment in the Pipestone Building in the City of Pipestone, County of Pipestone, and their general allegations were on that date that you engaged in inappropriate sexual contact - - contact, specifically with regard to the thirteen-year-old; um, that you touched her breast, um, and you tried to put her - - your hands down her pant[s], um, and again the facts would show that this girl was thirteen years of age and at the time of this incident you were nineteen years of age? Are you aware of that?
>
> [Appellant]: Yes, I was.
>
> [The prosecutor]: Now, with that very basic information do you believe that based upon that simple evidence that a jury would find the presumption of innocence and the requirement that the State prove its case beyond a reasonable doubt, would find you guilty of inappropriate sexual contact with that thirteen-year-old, and find you guilty of criminal sexual conduct in the fourth-degree?
>
> [Appellant]: Yes, if I would've went to trial.

The district court then stated that "[b]ased upon the defendant's statements in court, upon the filing of the petition, and upon all files and records, the Court will accept the defendant's plea of guilty to count two of the complaint as amended [and] adjudge him guilty of the same." At a later hearing, the district court imposed a stayed, 18-month sentence on appellant and placed him on probation.

In February 2014, after appellant's probation was revoked and the 18-month sentence was executed, appellant filed a postconviction petition seeking to withdraw his guilty plea. The district court denied the petition, determining that the statements of counsel at the plea hearing and the allegations of the complaint, along with appellant's admissions, satisfied the protective function of the accuracy requirement. The district court further determined that the record as a whole enabled the court to make a specific finding that a strong probability existed that appellant would be convicted of the crime.

This appeal follows.

## DECISION

Once entered, a criminal defendant has "no absolute right to withdraw a guilty plea." *Perkins v. State*, 559 N.W.2d 678, 685 (Minn. 1997). But a district court must permit withdrawal of a guilty plea at any time, even after sentencing, if "withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. A manifest injustice is established if a guilty plea is invalid, which means that the plea is not accurate, voluntary, and intelligent. *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). The validity of a guilty plea under the manifest-injustice standard is a question of law, which we review de novo. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010).

4

### 1. Intellectual Functioning

Appellant initially emphasizes that, according to a Rule 20 examination, he has an IQ of 63, indicating that his overall intellectual function is in the mild mental retardation range and placing him in the lowest IQ percentile for individuals his age. The state counters that appellant does not claim that he did not understand the plea or the rights he was waiving, and he does not argue that his plea was not knowingly or voluntarily made due to his intellectual limitations. Appellant received a Rule 20 exam. Neither the results of that exam nor the record indicate that he was unable to understand the charges or participate in the court proceedings. His responses to questions were appropriate. Appellant acknowledged on the record and in the written plea petition that he understood the charges, that his attorney had fully advised him of those charges and of his rights, that he understood the rights he was relinquishing by pleading guilty, that no one was forcing or pressuring him to plead guilty, that he had not been ill recently, and that he was not under the influence of any drugs or mental disability at the time of the plea hearing. *See Williams v. State*, 760 N.W.2d 8, 14–15 (Minn. App. 2009) (affirming denial of petition to withdraw guilty plea when defendant submitted no factual proof and plea petition countered any claims that plea was not voluntary or intelligent), *review denied* (Minn. Jan. 27, 2009). We conclude that the record establishes that the district court did not abuse its discretion in determining that appellant understood the charges, the plea, and the exposure to criminal consequences and that his plea was voluntary with a requisite level of intellectual functioning.

**2.      Factual Basis**

Appellant next argues that his plea is inaccurate because it lacks a strong factual basis in the record. "Accuracy requires that the plea be supported by a proper factual basis, that there must be sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty." *State v. Iverson*, 664 N.W.2d 346, 349 (Minn. 2003) (quotation omitted). An *Alford* plea is intended to permit a defendant to plead guilty while maintaining innocence, "if the defendant reasonably believes, and the record establishes, the state has sufficient evidence to obtain a conviction." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994) (citing *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 167 (1970)). Given the "inherent conflict in pleading guilty while maintaining innocence," an *Alford* plea meets the accuracy requirement when it contains both a strong factual basis and the defendant's agreement that the evidence is sufficient to support a conviction. *Theis*, 742 N.W.2d at 649.

Appellant asserts that his plea lacks a strong factual basis because the district court relied on the complaint, and the state did not introduce any police reports, affidavits, or witness testimony to support the *Alford* plea. Appellant also emphasizes that the format followed here of compound-leading questions, without appellant stating in his own words why he was willing to plead guilty, fails to satisfy the accuracy requirement particularly given appellant's diminished intellectual capacity. Appellant finally emphasizes that the factual basis does not establish that he engaged in "sexual contact" with the 13-year-old; appellant notes that the touch or contact must be more than intentional touching of the

6

complainant's breast or genital area, and that a defendant must additionally possess sexual or aggressive intent. *See* Minn. Stat. § 609.341, subds. 5, 11(a)(i) (2010) (defining "intimate parts" and "sexual contact"); *State v. Austin*, 788 N.W.2d 788, 792 (Minn. App. 2010) (requiring state to show that defendant acted with sexual or aggressive intent and that defendant's act involved intentional touching of intimate parts), *review denied* (Minn. Dec. 14, 2010). *But see State v. Vick*, 632 N.W.2d 676, 691 (Minn. 2001) (concluding that nature of touching, specifically two instances of rubbing victim's buttocks for minutes at a time accompanied by vaginal touching, negates possibility of innocent explanation and permits inference that defendant touched victim with sexual intent); *State v. Kraushaar*, 470 N.W.2d 509, 511–12 (Minn. 1991) (concluding that evidence was sufficient to support conviction, despite defendant's denial that he touched victim with sexual or aggressive intent, where five-year-old victim told same story to several adults and she was "sexually precocious" for her age).

We conclude that the record here is sufficient to establish a strong factual basis. A strong factual basis should include discussing the evidence with the defendant on the record at the plea hearing, either through "interrogation of the defendant about the underlying conduct and the evidence that would likely be presented at trial," introduction of "witness statements or other documents, or the presentation of abbreviated testimony from witnesses likely to testify at trial," or even "a stipulation by both parties to a factual statement in one or more documents submitted to the court at the plea hearing." *Theis*, 742 N.W.2d at 648–49 (internal citations omitted). But a sworn complaint summarizing witness testimony and showing that "in all likelihood" the defendant committed the

7

offense can support a strong factual basis for the plea. *See Williams*, 760 N.W.2d at 13–14 (concluding that statements in complaint, combined with defendant's partial recollection, established strong factual basis to support plea).

In *Theis*, the supreme court held that the district court erred by accepting the defendant's *Alford* plea to a charge of fifth-degree criminal sexual conduct when the defendant did not "address any of the facts regarding the underlying criminal conduct" at the plea hearing and only acknowledged that "there was a mere 'risk' that he would be found guilty of the crime to which he was pleading guilty." *Theis*, 742 N.W.2d at 650. The record in *Theis* contained no other basis on which the court could conclude that the evidence supporting the allegations would lead a jury to convict the defendant for the offense, in light of his claim of innocence. *Id.*

Here, however, the record includes a recitation of facts at the plea hearing, including the allegations of the complaint and the amended count to which appellant was pleading guilty. There were admissions by appellant that a jury would find him guilty of fourth-degree criminal sexual conduct because, when he was 19 years old, he engaged in "inappropriate sexual contact" with a 13-year-old by touching her breasts and attempting to put his hand down her pants. Appellant acknowledged that he read the reports, statements, and records, and he agreed that he understood the evidence the state would present relating to the charge to which he was pleading guilty. Thus, the district court did not rely on the complaint alone, but considered the record as a whole, including not only the complaint, but also a summary of the evidence and appellant's admission that the jury would convict him. We do not believe that the prosecutor's use of the adjectives "basic"

evidence, "simple" facts, and "general allegations" undermines the weight of the evidence or appellant's acknowledgement that a jury would convict him based on that evidence. Appellant's sexual intent is clear in the description of appellant's actions with the 13-year-old victim. We reject appellant's assertion that his plea is inaccurate because it lacks a strong or adequate factual basis in the record.

**3.      Court Findings**

Appellant finally argues that he should be allowed to withdraw his *Alford* plea because the district court failed to independently conclude that there was a strong probability that he would be convicted at trial notwithstanding his claim of innocence. Appellant asserts that the district court is required to make such a specific finding under *Theis*, 742 N.W.2d at 649, and *State v. Goulette*, 258 N.W.2d 758, 760 (Minn. 1977). Appellant reasons that this requirement of a finding is analogous to the requirement for findings when probation is revoked, pursuant to *State v. Modtland*, 695 N.W.2d 602, 606 (Minn. 2005).

In denying appellant's postconviction petition, the district court noted that there is no requirement that a district court use specific language when accepting an *Alford* plea or that the court make a specific finding regarding a strong probability of conviction. Along these lines, the state claims that the supreme court in *Theis* did not impose an affirmative, *Modtland*-like duty on a district court to make an oral or written finding that a strong probability existed that appellant would be convicted. We agree with the state and the district court. Adoption of such a requirement goes beyond the existing caselaw.

In any event, the district court did make such an adequate independent determination because (1) during the plea hearing, the court stated that it accepted appellant's plea "[b]ased upon the defendant's statements in court, upon the filing of the petition, and upon all files and records"; (2) following the plea hearing, the court issued a written order in which it explicitly found that appellant "provided the Court with a sufficient factual basis to accept [the] plea"; and (3) in the memorandum attached to its order denying appellant's postconviction petition to withdraw the plea, the court stated that the facts in the record satisfied the protective function that the plea was accurate, the factual basis offered during the plea hearing was itself sufficient for the court to accept the plea, the record clearly supported the inference that appellant acted with the requisite intent, and the record "indicates a proper factual basis for the acceptance of a plea."

In sum, we affirm the district court's denial of appellant's postconviction petition seeking to withdraw his guilty plea.

**Affirmed.**