*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1277**

Emmanuel Osei, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed April 13, 2015
Affirmed
Harten, Judge\***

Dakota County District Court
File No. 19HA-CR-10-2203

Eric L. Newmark, Jill Brisbois, Newmark Law Office, LLC, Minneapolis, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Nicole E. Nee, Assistant County Attorney, Hastings, Minnesota (for respondent)

        Considered and decided by Connolly, Presiding Judge; Peterson, Judge; and

Harten, Judge.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**HARTEN**, Judge

Appellant challenges the denial of his petition for postconviction relief, arguing that his *Alford* plea was not accurate, voluntary, and intelligent. Because we conclude that appellant's plea was accurate, voluntary, and intelligent, we affirm.

## FACTS

In June 2010, M.D.S., then age 12, reported that appellant Emmanuel Osei, a friend of her mother, had been sexually abusing her since she was eight. An investigator recorded a meeting between appellant and M.D.S. during which appellant offered M.D.S. $100 for sex.

Appellant was charged with four counts of first-degree criminal sexual conduct resulting from multiple acts of sexual penetration of a complainant under 13 occurring in 2006, 2007, 2008, and 2009. His motion to suppress the recording and the transcript of his meeting with M.D.S. was denied.

The complaint was amended to add alternative counts of sexual penetration, sexual contact, and hiring an individual under 13 to engage in sexual penetration or contact. Appellant entered an *Alford* plea to count 1, criminal sexual conduct in the first degree, amended to encompass the years 2006 through 2010. His motion for a downward dispositional departure was denied, and he was sentenced to 144 months in prison.

Appellant petitioned for postconviction relief, seeking to withdraw his *Alford* plea on the ground that it was invalid. The petition was denied, and he challenges the denial.

## DECISION

The manifest-injustice standard applied to post-sentencing motions for withdrawal of a guilty plea requires withdrawal when the defendant shows that the guilty plea was invalid, i.e., not accurate, voluntary, and intelligent. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). Whether a postconviction guilty plea was valid is "a question of law that we review de novo." *Id.* The appellant "bears the burden of showing his plea was invalid." *Id.* A defendant making an *Alford* plea maintains his innocence, but concedes that the state's evidence would be sufficient to obtain a conviction. *State v. Goulette*, 258 N.W.2d 758, 761 (Minn. 1977) (citing *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 167 (1970)).

Appellant claims that his *Alford* plea was inaccurate because it was unsupported by a strong factual basis. *See State v. Theis*, 742 N.W.2d 643, 647 (Minn. 2007) ("A proper factual basis must be established for a guilty plea to be accurate." (quotation omitted)). An *Alford* plea requires that the state demonstrate a strong factual basis for the plea and that the defendant clearly express a desire to enter the plea despite his professed belief in his innocence. *Id.*

At his plea hearing, appellant was questioned about the process. He answered "Yes" when asked if he understood that: (1) he was going to be pleading guilty to count 1, which encompassed all the years from 2006 to 2010 and all the lesser-included offenses; (2) the lesser-included offenses were contact as opposed to actual penetration; (3) he was pleading guilty to the act of penetration; (4) he was making an *Alford* plea; (5) based on the evidence the state would present to the jury, there was a strong

3

probability that the jury would find him guilty; and (6) an *Alford* plea could have an adverse effect on his sentence, specifically in the matter of a downward departure.

Appellant was also questioned about his offense. He said he understood that: (1) he had admitted to offering a person then under the age of 13 money for sex; (2) his intent in offering the money was to have sex with that person; (3) he was waiving his fifth-amendment right and acknowledging facts that made him guilty of the offense; (4) he and his attorney had reviewed both the transcripts and the CDs in the state's evidence against him, and also all the items found while a search warrant was executed; (5) he received a phone call from a girl he knew to be under the age of 13 asking him to come to her residence; (6) he was unaware that their conversation was being recorded; (7) he offered her $100 in return for engaging in sexual penetration with him; (8) his intent was to have sex with her; and (9) before that conversation, the girl told a detective that appellant had offered her $100 to have sex with him.

Finally, appellant was questioned about the consequences of his act and his plea. He said he understood that: (1) when a jury heard this evidence, together with the girl's allegations that appellant had sex with her in 2006-2010, there was a strong likelihood and probability that the jury would find him guilty; (2) the state would expect the girl to testify that, in 2006-2010, he used his fingers and his tongue to penetrate her vagina; and (3) he was accepting the plea negotiation, with its presumptive sentence of 144 months, because he could face a sentence of 30 years or possibly more if convicted on all the counts with which he was charged.

4

Thus, the transcript of the plea hearing refutes statements in appellant's brief that "[he] never acknowledged [that] the evidence outlined pertaining to Criminal Sexual Conduct in the First Degree was sufficient for a jury, applying a reasonable doubt standard, to find him guilty" and that "[t]he record clearly establishes that [he] agreed to a factual basis that only supported a conviction for solicitation of a minor."

Appellant has not shown that withdrawal of his plea is necessary to correct a manifest injustice. *See Raleigh*, 778 N.W.2d at 94.

**Affirmed.**