*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0836**

State of Minnesota,
Respondent,

vs.

Charles Chuck Jackson,
Appellant

**Filed April 20, 2015
Affirmed
Peterson, Judge**

Olmsted County District Court
File No. 55-CR-07-11909

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark A. Ostrem, Olmsted County Attorney, James P. Spencer, Assistant County Attorney, Rochester Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jessica Merz Godes, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Worke, Judge; and Connolly, Judge.

## UNPUBLISHED OPINION

**PETERSON**, Judge

Appellant challenges the validity of his *Alford* plea to third-degree controlled-substance crime, arguing that the factual basis for the plea is insufficient and that the

district court failed to make necessary findings regarding the sufficiency of the evidence. We affirm.

## FACTS

Appellant Charles Chuck Jackson was charged with second-degree controlled-substance crime for allegedly selling 3.5 grams of cocaine to a police informant during a controlled purchase in 2007. In January 2014, Jackson appeared for a contested omnibus hearing and challenged the probable cause for the charge given that the informant involved with the controlled purchase was deceased. When the district court inquired as to how the state would prove the charge, the prosecutor responded:

> It is a recorded controlled buy. The steps that the officers took at the time were properly documented. We do have photocopies of the buy money and all that stuff. The [informant's] statements . . . that's all recorded. There's a buy. The video recording shows accurately Mr. Jackson's face through the controlled buy.

The district court stated that it was satisfied that the charge was supported by probable cause, and Jackson agreed to accept the state's plea offer and enter an *Alford* plea to an amended charge of third-degree controlled-substance crime for possession of three or more grams of cocaine, heroin, or methamphetamine. Jackson signed a plea petition during a brief break in the proceeding. He then affirmed on the record that he read and understood the plea petition, was pleading voluntarily and of his own free will, and was giving up his rights to an attorney and a trial. He pleaded guilty to third-degree controlled-substance crime, and the district court and prosecutor questioned him regarding the basis for the plea.

2

Jackson affirmed that he received discovery material from the state that included police reports and a video recording and "may be introduced at trial in the State's case in chief against [him] for a charge of second degree controlled substance crime." He agreed that "if this was all presented to a jury[,] it's a strong likelihood that they would find that the State has proved beyond a reasonable doubt [all] of the elements for a second degree controlled substance crime" and that "if the evidence that's in those police reports gets presented to a jury, . . . there's a substantial likelihood the jury would find [him] guilty of the charged offense, controlled substance in the second degree." He further agreed that "on or about June 8th of 2007 within the county of Olmsted . . . the jury could find beyond a reasonable doubt that [he] did sell three grams or more of a substance containing cocaine, heroin, or methamphetamine." He affirmed that "to avoid [a trial and conviction on the second-degree offense, he] want[ed] to take the State's offer today [and] plead[] to the third degree possession charge." The district court stated that it would "accept this plea as voluntarily, intelligently, and accurately made." Jackson filed this appeal following sentencing.

## DECISION

Jackson argues on appeal that his *Alford* plea is inaccurate and invalid and must be vacated. He did not move to withdraw the plea or challenge the validity of the plea in district court. But, a defendant may appeal directly from a judgment of conviction and contend that a plea is invalid. *Brown v. State*, 449 N.W.2d 180, 182 (Minn. 1989). Assessment of the validity of a plea presents an issue of law, which is reviewed de novo. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010).

3

To be valid, a guilty plea must be accurate, voluntary, and intelligent. *Id.* "The accuracy requirement protects a defendant from pleading guilty to a more serious offense than that for which he could be convicted if he insisted on his right to trial." *Id.* An accurate plea is one that is supported by a proper factual basis, such that there are "sufficient facts on the record to support a conclusion that [the] defendant's conduct falls within the charge to which he desires to plead guilty." *State v. Iverson*, 664 N.W.2d 346, 349 (Minn. 2003) (quotation omitted).

An *Alford* plea is a guilty plea in which a defendant maintains his innocence but chooses to plead guilty because he reasonably believes, and the record reflects, that the state has sufficient evidence to obtain a conviction. *See North Carolina v. Alford*, 400 U.S. 25, 37-38, 91 S. Ct. 160, 167-68 (1970) (upholding plea to lesser offense when the defendant maintained innocence but the state had a strong case against him for more serious offense); *see also State v. Goulette*, 258 N.W.2d 758, 761 (Minn. 1977) (recognizing the use of *Alford* pleas in Minnesota). The defendant must agree that the evidence the state is likely to offer at trial is sufficient to convict. *State v. Theis*, 742 N.W.2d 643, 649 (Minn. 2007). An *Alford* plea must be supported by a "strong" factual basis and is subject to careful scrutiny due to the inherent conflict in pleading guilty while maintaining innocence. *Id.* at 648-49.

Jackson first argues that the factual basis for his plea is insufficient because he acknowledged that there is a substantial likelihood that a jury would find him guilty of the charged crime—second-degree controlled-substance crime for sale of a controlled substance—but did not make the same acknowledgement for the crime to which he

actually pleaded guilty—third-degree controlled-substance crime for possession of a controlled substance. But third-degree controlled-substance crime is a lesser-included offense of second-degree controlled-substance crime. *See* Minn. Stat. § 609.04, subd. 1(1) (2006) (defining "included offense" as, inter alia, "[a] lesser degree of the same crime"); *see also State v. Traxler*, 583 N.W.2d 556, 562 (Minn. 1998) (treating fifth-degree controlled-substance crime for possession of a controlled substance as a lesser-included offense of first-degree controlled-substance crime for sale of a controlled substance). In the context of an *Alford* plea, a defendant's acknowledgement of a substantial likelihood that he would be convicted of a greater offense if the case went to trial is a sufficient acknowledgement that he would also be convicted of a lesser-included offense. *See, e.g.*, *Alford*, 400 U.S. at 37-39, 91 S. Ct. at 167-68 (affirming the acceptance of a plea to second-degree murder when the state had a strong case of first-degree murder and the defendant wished to avoid the possibility of the death penalty); *Goulette*, 258 N.W.2d at 760 (affirming the acceptance of an *Alford* plea when the defendant "expressed a desire to plead guilty to second-degree murder because of the strength of the prosecution's case and the possibility that if he went to trial he might be convicted of first-degree murder"). Jackson sufficiently acknowledged a substantial likelihood that he would be found guilty of third-degree controlled-substance crime if his case went to trial.

Jackson next argues that the evidence supporting an *Alford* plea must be entered on the record and that, because no evidence or summary of evidence was submitted at the hearing, his plea is invalid. A factual basis for an *Alford* plea should "be based on

5

evidence discussed with the defendant on the record at the plea hearing." *Theis*, 742 N.W.2d at 649.

> This discussion may occur through an interrogation of the defendant about the underlying conduct and the evidence that would likely be presented at trial, the introduction at the plea hearing of witness statements or other documents, . . . the presentation of abbreviated testimony from witnesses likely to testify at trial, or a stipulation by both parties to a factual statement in one or more documents submitted to the court at the plea hearing.

*Id.* (citations omitted). During the hearing, the prosecutor stated that the charged offense arose from a controlled buy that was documented by the police with photographs and a video recording. The prosecutor explained that the informant's statements during the transaction were recorded and that "[t]he video recording shows accurately Mr. Jackson's face through the controlled buy." Jackson affirmed that he received discovery material including police reports and a video recording, that this evidence could be introduced against him at trial, and that there was a substantial likelihood that he would be found guilty based on the evidence. The factual basis for the *Alford* plea was supported by a sufficient discussion of the key evidence that would have been presented at trial.

Finally, Jackson contends that his plea must be vacated because the district court failed to independently conclude that there is a strong probability based on the evidence that he would be found guilty if the case went to trial. A district court may accept an *Alford* plea "if the court, on the basis of its interrogatories of the accused and its analysis of the factual basis offered in support of the plea, concludes that the evidence would support a jury verdict of guilty, and that the plea is voluntarily, knowingly, and

understandingly entered." *Goulette*, 258 N.W.2d at 761; *see also Theis*, 742 N.W.2d at 649 ("The strong factual basis and the defendant's agreement that the evidence is sufficient to support his conviction provide the court with a basis to independently conclude that there is a strong probability that the defendant would be found guilty of the charge to which he pleaded guilty, notwithstanding his claims of innocence." (emphasis omitted)). The district court stated that the plea was "accurately made," and thus the district court necessarily determined that the plea was supported by a proper factual basis and that there were sufficient facts on record to support a conclusion that Jackson's conduct fell within the amended charge. *See Iverson*, 664 N.W.2d at 349 (stating that an accurate plea is one that is supported by a proper factual basis). Our de novo review of the plea hearing confirms that Jackson's *Alford* plea to third-degree controlled-substance crime is supported by a strong factual basis and therefore accurate.

**Affirmed.**