*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1832**

Dustin Alan Edsill, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed June 22, 2015
Affirmed
Hudson, Judge**

Scott County District Court
File No. 70-CR-12-20651

Cathryn Middlebrook, Chief Appellate Public Defender, Veronica Surges Shacka, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Ronald Hocevar, Scott County Attorney, Todd P. Zettler, Assistant County Attorney, Shakopee, Minnesota (for respondent)

Considered and decided by Hudson, Presiding Judge; Worke, Judge; and Smith, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HUDSON**, Judge

Appellant challenges the district court's denial of his motion to withdraw his *Alford* plea to felony domestic assault. He argues that his plea is inaccurate because it is

based on his answers to compound leading questions and because he did not admit that there was a strong probability that he would be found guilty at trial. We affirm.

## FACTS

In October 2012, the state charged appellant Dustin Alan Edsill with one count of felony domestic assault, alleging that he kicked his child's mother in the back and that he had two or more previous convictions for qualified domestic-violence-related offenses. In December 2013, appellant informed the district court that he wished to enter an *Alford* plea to the charged offense. The following exchange occurred between the district court and appellant at the plea hearing:

> DISTRICT COURT: And you understand that if this matter went to trial, that the State would be offering testimony from witnesses who were present there, testimony from a victim, and testimony from police officers.
>
> APPELLANT: Yes, sir.
>
> DISTRICT COURT: You understand that – assuming that the officers would testify and the victim would testify in the same fashion as indicated in the police reports and in the complaint, that there is a substantial likelihood that a jury would find you guilty of causing fear of harm in this victim?
>
> APPELLANT: Yes, sir.
>
> DISTRICT COURT: All right. The Court has reviewed it and believes that there is a very substantial likelihood that the jury would convict you based upon the evidence that the State would offer. Do you understand that?
>
> APPELLANT: Yes, sir.

Appellant also signed and submitted a plea petition to the district court in which he admitted that he understood that he was foregoing his right to a trial, in which the judge

2

or jury would presume him innocent until his guilt was proven beyond a reasonable doubt. The district court accepted appellant's plea, stayed imposition of sentence, and placed him on probation for three years.

In February 2014, appellant's probation officer filed a violation report alleging that appellant had not complied with a travel permit issued by the agent. A few months later, after appellant admitted the violation, the district court revoked the stay of imposition, imposed a prison sentence of 18 months, stayed execution of that sentence, and ordered appellant to serve 90 days in jail. Shortly thereafter, appellant's probation agent filed a second violation report, alleging that appellant had failed to comply with a domestic-abuse no-contact order. The probation agent recommended that the 18-month prison sentence be executed. Appellant subsequently moved to withdraw his guilty plea, arguing that the plea was invalid because it was inaccurate. The district court denied appellant's motion. This appeal follows.

### D E C I S I O N

Appellant argues that the district court erred by denying his motion to withdraw his *Alford* plea, asserting that his plea was invalid. A defendant does not have an absolute right to withdraw a guilty plea. *State v. Raleigh*, 778 N.W.2d 90, 93 (Minn. 2010). After a defendant is sentenced, a defendant may withdraw a guilty plea only by establishing that withdrawal is necessary "to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1; *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). A defendant may establish a manifest injustice by showing that his guilty plea is not valid. *Theis*, 742 N.W.2d at 646. For a guilty plea to be valid, it "must be accurate, voluntary and

3

intelligent." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). If a guilty plea fails to meet any of these three requirements, the plea is invalid. *Theis*, 742 N.W.2d at 650. We review de novo the validity of a guilty plea. *Raleigh*, 778 N.W.2d at 94.

Appellant challenges only the accuracy of his plea. "A proper factual basis must be established for a guilty plea to be accurate." *Ecker*, 524 N.W.2d at 716. A plea's factual basis is adequate if there are "sufficient facts on the record to support a conclusion that [the] defendant's conduct falls within the charge to which he desires to plead guilty." *State v. Iverson*, 664 N.W.2d 346, 349 (Minn. 2003) (quotation omitted). "The factual basis of a plea is inadequate when the defendant makes statements that negate an essential element of the charged crime because such statements are inconsistent with a plea of guilty." *Id.* at 350. "The [district] court should not accept the plea unless the record supports the conclusion that the defendant actually committed an offense at least as serious as the crime to which he is pleading guilty." *State v. Trott*, 338 N.W.2d 248, 251–52 (Minn. 1983).

In this case, appellant entered an *Alford* plea, a plea in which the defendant acknowledges that the record establishes his guilt and that he reasonably believes the state has sufficient evidence to secure a conviction, but does not expressly admit the factual basis for guilt and maintains his innocence. *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 167 (1970); *see also State v. Goulette*, 258 N.W.2d 758, 761 (Minn. 1977) (recognizing *Alford* pleas in Minnesota). The district court bears a particular responsibility to scrutinize an *Alford* plea to ensure it contains an accurate factual basis. *Goulette*, 258 N.W.2d at 761. For an *Alford* plea to be accurate, the defendant should

4

"specifically acknowledge on the record at the plea hearing that the evidence the State would likely offer against him is sufficient for a jury, applying a reasonable doubt standard, to find the defendant guilty." *Theis*, 742 N.W.2d at 649. If the defendant makes that acknowledgment, the district court must also determine whether there is an independent basis to conclude that there is a strong probability that a jury would find the defendant guilty. *Id.*

Appellant argues that his plea is inaccurate for two reasons. He first contends that his plea is inaccurate because it is based in part on his answer to a compound leading question. The Minnesota Supreme Court has stated that a defendant's answers to compound leading questions may be insufficient to support an *Alford* plea, explaining that those questions are problematic because it is not clear what question the defendant actually answers during the plea colloquy. *Id*. at 650. Here, appellant asserts that his guilty plea is inaccurate because it is based on his affirmative response to the following question:

> You understand that – assuming that the officers would testify and victim would testify in the same fashion as indicated in the police reports and in the complaint, that there is a substantial likelihood that a jury would find you guilty of causing fear of harm in this victim?

Appellant argues that his answer to that question is ambiguous because it is unclear whether he agreed that the officers and victim would testify consistent with the police reports and complaint, or whether he agreed that there was a substantial likelihood that the jury would find him guilty. We disagree. The district court asked appellant to respond to only one question: whether he understood that there was a substantial

5

likelihood that the jury would find him guilty. The district court did not ask appellant whether he understood that the officers and victim would testify consistent with their prior statements; instead the district court informed appellant that the evidence offered at trial would be similar to those statements and reports. *See Goulette*, 258 N.W.2d at 761 (endorsing use of witness statements to develop factual basis for *Alford* plea). Appellant's *Alford* plea is not based upon compound questions.

Second, appellant argues that his plea was inaccurate because he did not admit that there was a strong probability that he would be found guilty at trial by a jury applying a reasonable doubt standard. For an *Alford* plea to be accurate, the defendant must agree, despite maintaining his innocence, that the "evidence the State is likely to offer at trial is sufficient to convict." *Theis*, 742 N.W.2d at 649. A defendant's admission that he faces only a "risk" of conviction is insufficient to satisfy the accuracy requirement of an *Alford* plea. *Id.* at 650.

Here, however, appellant was asked by the district court and agreed that, based on the evidence, he understood that "there is a substantial likelihood that a jury would find [him] guilty" of the charged offense. He also signed a plea petition that stated that he waived his right to a trial where "all jurors would have to agree [he] was guilty" and that he "would be presumed innocent until [his] guilt [was proven] beyond a reasonable doubt." Those admissions are sufficient for the district court to determine that appellant's *Alford* plea was accurate. We have previously concluded that a defendant's acknowledgment that she faced a "substantial likelihood" of conviction satisfies the requirement that a defendant entering an *Alford* plea admit that the state has sufficient

6

evidence to prove her guilty at trial. *Williams v. State*, 760 N.W.2d 8, 14 (Minn. App. 2009), *review denied* (Minn. Apr. 21, 2009). Similarly, we also presume that when a defendant is represented by counsel and signs a plea petition, the defendant is aware of the trial rights that the plea petition purports to waive, including the right to a jury trial and the presumption of innocence. *State v. Sandmoen*, 390 N.W.2d 419, 422 (Minn. App. 1986). We therefore conclude that the district court properly denied appellant's motion to withdraw his guilty plea.

**Affirmed.**