*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2147**

Robert William Silker, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed July 27, 2015
Affirmed
Rodenberg, Judge**

Olmsted County District Court
File No. 55-CR-09-5821

Cathryn Middlebrook, Chief Appellate Public Defender, Chang Y. Lau, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark A. Ostrem, Olmsted County Attorney, James P. Spencer, Assistant County Attorney, Rochester, Minnesota (for respondent)

Considered and decided by Kirk, Presiding Judge; Rodenberg, Judge; and Chutich, Judge.

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

Appellant challenges the validity of his *Alford* plea of guilty, arguing that there was not a strong factual basis to support the plea. We affirm.

## FACTS

On July 28, 2009, appellant Robert William Silker was charged with five counts of first-degree criminal sexual conduct, one count of soliciting a child to engage in criminal sexual conduct, and one count of possession of a pistol by a user of a controlled substance. The charges were based on allegations made by 14-year-old L.K, and evidence seized pursuant to a search warrant.

Appellant has consistently denied L.K.'s factual claims. Over three years after appellant was charged, the state offered to allow him to plead guilty to criminal sexual conduct in the third degree in violation of Minn. Stat. § 609.344, subd. 1(b) (2006) pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970) and *State v. Goulette*, 258 N.W.2d 758 (Minn. 1977), with all other charges being dismissed. Appellant accepted this offer.

At the plea hearing, appellant answered his attorney's questions concerning his plea of guilty to the third-degree charge:

> [DEFENSE COUNSEL]: But you are—you're not—what you're telling the Court basically is that you're not guilty, that you never touched this girl or never—you know—in a sexual or inappropriate manner. But—And we'll get into this a little further during the plea. But because you think ultimately that—that you believe that you're going to be convicted of this you're going to enter a guilty plea to take advantage of the State's offer, correct?
> [DEFENDANT]:        Correct.
>
>       . . . .
>
> [DEFENSE COUNSEL]: Okay. And you have reviewed the evidence with all of the attorneys . . . But you have reviewed every bit of evidence that's come in on this case, correct?

[DEFENDANT]: That's correct.

[DEFENSE COUNSEL]: Okay. You are aware of all of the statements and—and pictures and other things that are going to be presented at trial, correct?

[DEFENDANT]: That's correct.

[DEFENSE COUNSEL]: You understand that if a jury believes [L.K.]'s statements and the statements of other witnesses against you that it is highly likely you will be convicted of one or more of the original charges, correct?

[DEFENDANT]: That's correct.

After a clarification of appellant's own age and the age of L.K. at the time of the alleged offenses, the district court concluded, "I will accept the plea as voluntarily, intelligently and accurately made."

Before sentencing, appellant moved the district court to withdraw the guilty plea. His motion was denied.

At the sentencing hearing, defense counsel brought to the district court's attention "a housekeeping matter," to wit: that, upon reviewing the transcript counsel could not find a statement by the court "that on review of the evidence the State—the evidence that the State would have presented at trial would be sufficient to convict of a third degree crim sex, [because] it was an *Alford*, and we'd ask that the Court make that finding." The district court responded:

> I have reviewed this evidence a number of times on various motions and there is sufficient evidence in the police reports and the other evidence that's been presented to the Court over the course of several years that would support a—if believed by the jury, a conviction for the crime as charged and as pled to and there is—so that there is a sufficient factual basis with that and the other admissions the defendant has made or things he stated during the plea hearing to support the *Alford* plea, which I think I already accepted and in fact have already decided against a motion for withdrawal of it.

3

The district court sentenced appellant for the conviction of third-degree criminal sexual conduct. The district court later denied appellant's petition for postconviction relief, filed after appellant had violated conditions of his probation, and again requesting plea withdrawal. This appeal followed.

## D E C I S I O N

Appellant contends that his *Alford* plea of guilty was inaccurate and therefore invalid. Once a defendant pleads guilty, he "does not have an absolute right to withdraw a valid guilty plea." *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). A defendant may withdraw a guilty plea if "withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1; *see also Theis*, 742 N.W.2d at 646. A "manifest injustice exists where a guilty plea is invalid." *Theis*, 742 N.W.2d at 646. In order for a plea to be valid, "it must be accurate, voluntary, and intelligent." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). We review the validity of a guilty plea de novo. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). If a guilty plea is invalid, the case must be remanded to provide an opportunity to withdraw the plea. *Theis*, 742 N.W.2d at 651.

Typically, a defendant pleads guilty by admitting to a crime and explaining, in his own words, the circumstances that led to the crime. *Ecker*, 524 N.W.2d at 716. However, a defendant may plead guilty while maintaining his innocence pursuant to the United States Supreme Court's decision in *Alford*, as adopted in Minnesota in *Goulette*. Such guilty pleas are often referred to as *Alford* pleas. *See Theis*, 742 N.W.2d at 647.

"When a defendant pleads guilty but at the same time denies that he is in fact guilty, the rationality of the defendant's decision is immediately called into question."

4

*Goullette*, 258 N.W.2d at 761. Therefore, in order for an *Alford* plea to be valid, a "strong factual basis" must be established on the record. *Alford*, 400 U.S. at 38, 91 S. Ct. at 168; *see also Theis*, 742 N.W.2d at 649; *Ecker*, 524 N.W.2d at 716 (stating that an "adequate factual basis" is necessary to ensure that the plea was voluntary). A strong factual basis ensures that the defendant does not plead "guilty to a more serious offense than he could be convicted of were he to insist on his right to trial." *Theis*, 742 N.W.2d at 649; *see also Raleigh*, 778 N.W.2d at 95 ("Ultimately, the accuracy requirement ensures that a defendant does not plead guilty to a crime more serious than that of which he could be convicted if he elected to go to trial.").

"The cases reflect that careful scrutiny of the factual basis for the plea is necessary within the context of an *Alford* plea because of the inherent conflict in pleading guilty while maintaining innocence." *Theis*, 742 N.W.2d at 648-49. Both the defendant and the court must be satisfied that the state's evidence would be sufficient to convict and, in fact, that a jury is *likely* to return a guilty verdict. *See Theis*, 742 N.W.2d at 650 (concluding that the defendant's acknowledgment that there was a "mere 'risk'" of a guilty verdict was an "inadequate acknowledgement" for the purposes of establishing a strong factual basis); *Ecker*, 524 N.W.2d at 716 (requiring that the district court interrogate the defendant if the district court believes the state has not adequately established that the defendant believes he or she would be found guilty if the state's evidence was submitted to a jury). "[T]he [district] court should not cavalierly accept [an *Alford*] plea but should assume its responsibility to determine whether . . . there is a sufficient factual basis to support it." *Goullette*, 258 N.W.2d at 761.

Appellant's *Alford* plea of guilty to third-degree criminal sexual conduct in violation of Minn. Stat. § 609.344, subd. 1(b) required proof that the appellant "engage[d] in sexual penetration with another person [when] the complainant is at least 13 but less than 16 years of age and the actor is more than 24 months older than the complainant." Sexual penetration includes digital and oral penetration of the vagina. Minn. Stat. § 609.341, subd. 12(1)-(2) (2006).

Appellant argues that the district court did not establish a strong factual basis before accepting his guilty plea, and that the district court erred by accepting his guilty plea when the state did not establish the elements of third-degree criminal sexual conduct either by reciting the elements of that offense or by presenting evidence tending to prove those elements. Appellant argues that, without so establishing the elements of third-degree criminal sexual conduct, the district court could not have ensured that appellant was pleading guilty to a less serious offense than that with which he was originally charged.

While neither the state nor the district court recited the elements of third-degree criminal sexual conduct at the plea-hearing, it is clear from our careful review of the record that the district court and appellant had in mind that third-degree criminal sexual conduct was a less serious offense than other offenses with which appellant was charged. He was questioned about his age and that of L.K. at the time of the offense. The case had been ongoing for approximately three years after the initial charges were brought against appellant and appellant was keenly aware that L.K. alleged sexual penetration. By the time appellant pleaded guilty, both the district court and appellant were very familiar with

6

the evidence in the state's possession and what that evidence would have been able to prove. Appellant acknowledged during the plea hearing that he had reviewed "every bit of evidence that's come in on this case." Appellant acknowledged the strength of the state's evidence when he responded affirmatively to the following question:

> [W]hat you're telling the Court basically is that you're not guilty . . . [b]ut because you think ultimately that—that you believe that you're going to be convicted of this you're going to enter a guilty plea to take advantage of the State's offer, correct?

Appellant clearly understood that the result of his plea was a conviction of an offense less serious than those he originally faced.[1]

We have held that if the district court has "assure[d] itself that the accuracy standard is satisfied" the district court need not make an explicit finding to that effect on the record "as a routine matter." *State v. Johnson*, ___ N.W.2d ___, ___, 2015 WL 4379808, at *4 (Minn. App. June 29, 2015). While the district court did not explicitly find that the charge to which appellant was pleading guilty was less serious than those of which he could have been convicted had he gone to trial, it is clear from the record that the district court was assured that the accuracy requirement had been met at the plea hearing.

Appellant also argues that the only question posed to him concerning whether the state had sufficient evidence to convict him of the pleaded-to offense was too ambiguous to establish a strong factual basis for the plea. In its order denying appellant's petition for

---

[1] The district court stated, "I'm not usually a big fan of *Alford* Pleas but I think it's appropriate in this case." This statement further evidences the district court's familiarity with the evidence against appellant and the circumstances surrounding appellant's guilty plea.

post-conviction relief, the district court acknowledged that "the questioning of [appellant] on [whether the crime to which he was pleading guilty was more serious than that of which the state could have convicted him] could have been more thorough." And indeed, it could have been. The only question concerning whether a jury was likely to convict appellant on the evidence in the state's possession elicited an ambiguous answer: "You understand that if a jury believes [L.K.'s] statements and the statements of other witnesses against you that it is highly likely you will be convicted of *one or more of the original charges*, correct?" (Emphasis added.) Appellant responded affirmatively. But appellant was charged not only with five counts of first-degree criminal sexual conduct; he was also charged with soliciting a child to engage in sexual conduct and with being a user of controlled substances in possession of a pistol, the latter two crimes being less serious than third-degree criminal sexual conduct, the offense to which appellant pleaded guilty.

Despite this ambiguity, we are convinced from our review of the record that appellant knew that the state had evidence tending to prove the first-degree criminal sexual conduct charges and was acknowledging that, had that evidence been presented to the jury, he was "highly likely" to be convicted of first-degree criminal sexual conduct. Again, appellant had reviewed all of the evidence in the state's possession and this case has been pending for years. As the district court rightly observed concerning the question of ambiguity, "it would not be logical to assume that [appellant] was referring to one of the lesser charges when he agreed that it was 'highly likely' that he would be convicted." A common-sense reading of the plea transcript demonstrates that, while the noted

8

ambiguity exists, appellant was pleading guilty to the third-degree offense to avoid one or more first-degree convictions.

The requirement of establishing a strong factual basis in an *Alford* plea flows from the requirement that a guilty plea be accurate to be valid, which ensures that appellant was not pleading guilty to a "more serious offense than he could be convicted of were he to insist on his right to trial." *Theis*, 742 N.W.2d at 649. Because it is clear from the record before us that, as the district court found before sentencing, it was highly likely that appellant would have been convicted of first-degree criminal sexual conduct had a jury been presented with the evidence in the state's possession, and because it is clear that appellant knew this, the *Alford* plea, while imperfect, had a strong factual basis and was therefore valid.

**Affirmed.**