*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A15-1953**

State of Minnesota,
Respondent,

vs.

Joseph Gordon Ranniger,
Appellant.

**Filed December 5, 2016**
**Affirmed**
**Hooten, Judge**

Waseca County District Court
File No. 81-CR-14-725

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Brenda Miller, Waseca County Attorney, Rachel V. Cornelius, Assistant County Attorney, Waseca, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jenna Yauch-Erickson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Ross, Presiding Judge; Hooten, Judge; and Smith, John, Judge.*

_____

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**U N P U B L I S H E D   O P I N I O N**

**HOOTEN**, Judge

Appellant argues that his *Alford* plea is invalid and must be withdrawn because the factual basis for the plea was insufficient, and appellant did not agree that there was sufficient evidence to convict him. We affirm.

**FACTS**

On July 7, 2015, appellant Joseph Gordon Ranniger entered an *Alford* plea[1] to one count of first-degree criminal sexual conduct. The complaint alleged that appellant committed multiple acts of sexual penetration and sexual contact against his minor stepdaughter between January 2000 and June 2011. During the plea colloquy, Ranniger's defense counsel informed him that he was presumed innocent until proven guilty beyond a reasonable doubt and that he had a right to a jury trial on the charges. Ranniger acknowledged that he understood what an *Alford* plea was. He also acknowledged that he had seen all of the evidence against him and that based upon his review of the evidence and the testimony and statements he made to police and others, there was a "substantial likelihood" he could be convicted. Ranniger acknowledged several of the elements of the crime to which he was pleading guilty, but, consistent with an *Alford* plea, maintained his innocence.

---

[1] An *Alford* plea allows a defendant to plead guilty, while maintaining innocence of the charged offense, in order to take advantage of a plea bargain because there is sufficient evidence for a jury to find him guilty at trial. *N. Carolina v. Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 167 (1970). Minnesota formally recognized the validity of *Alford* pleas in *State v. Goulette*, 258 N.W.2d 758, 760 (Minn. 1977). In subsequent Minnesota cases, the terms *Alford* plea and *Goulette* plea are used interchangeably.

The district court then questioned Ranniger, confirming that Ranniger understood his rights, had read the plea agreement, understood the nature of an *Alford* plea, had seen all of the evidence, and fully understood the type of evidence that would be presented at trial. Upon further questioning, Ranniger agreed with the district court that the criminal complaint "substantially outlines the type of evidence that would be presented if there was trial to a judge or jury." Based upon Ranniger's plea colloquy, as well as its reading of the criminal complaint and the evidence contained therein, the district court accepted Ranniger's *Alford* plea.

At the sentencing hearing, Ranniger moved to withdraw his plea on the ground that he did not feel he was guilty. The district court denied the motion, and sentenced Ranniger to 144 months in prison. This appeal follows.

**D E C I S I O N**

A court *must* allow a defendant to withdraw a guilty plea at any time if "withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. "[M]anifest injustice exists where a guilty plea is invalid." *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). Absent manifest injustice, a defendant does not have an absolute right to withdraw a valid guilty plea. *State v. Farnsworth*, 738 N.W.2d 364, 371 (Minn. 2007). However, the district court *may* allow a defendant to withdraw a plea at any time before sentencing if it is "fair and just to do so." Minn. R. Crim. P. 15.05, subd. 2.

The district court refused to grant Ranniger's motion to withdraw his plea under the fair and just standard of rule 15.05, subd. 2. Ranniger does not challenge the district court's reasoning in denying his motion under rule 15.05, subd. 2. Instead, Ranniger argues that

3

his guilty plea was invalid and therefore the district court was compelled to grant his motion to withdraw his *Alford* plea in order to correct a manifest injustice under rule 15.05, subd. 1. A guilty plea is invalid if it is not "accurate, voluntary, and intelligent." *Perkins v. State*, 559 N.W.2d 678, 688 (Minn. 1997). The validity of a plea presents a question of law which an appellate court reviews de novo. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010).

While a defendant may plead guilty despite maintaining innocence, because of the tension between a defendant pleading guilty to a crime while simultaneously professing innocence, a district court has the "responsibility to determine whether an adequate factual basis has been established" in support of an *Alford* plea. *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). In discharging its duty to ensure factual adequacy, the district court has two obligations. First, the district court must carefully scrutinize the record and independently determine that a strong factual basis for the plea exists. *Theis*, 742 N.W.2d at 648–49. Second, the district court must ensure that the defendant agrees that the evidence the state is likely to introduce at trial is sufficient to convict. *Id.* at 649. A key consideration in this analysis is whether the plea "represents a knowing and intelligent choice of the alternative courses of action available." *Goulette*, 258 N.W.2d at 761.

The Minnesota Supreme Court mandates no specific procedure in performing these obligations. However, the supreme court recommends discussing the evidence with the defendant on the record as a means to establish a strong factual basis, and procuring a specific verbal acknowledgement from the defendant that the evidence likely to be presented by the state is sufficient for a jury to find him guilty of the crime for which he is pleading guilty beyond a reasonable doubt. *Theis*, 742 N.W.2d at 649.

4

In challenging the district court's performance of both obligations in determining the validity of his plea, Ranniger first argues that the state introduced no evidence to support his guilt. We disagree. The record contains a criminal complaint, outlining the likely testimony of the investigating officer and the victim. Ranniger contends that this evidence must be entered into the record at the plea hearing and was not. Yet, Ranniger acknowledges that the district court may establish a factual basis for the plea by "stipulation by both parties to a factual statement in one or more documents submitted to the court." *Theis*, 742 N.W.2d at 649.

During the plea colloquy, Ranniger stipulated to the facts in the criminal complaint as representative of the evidence the state would likely produce at trial:

> COURT: And you agree with [defense counsel] and [the prosecutor] *that the complaint that was filed substantially outlines the type of evidence that would be presented* if there was a trial to a judge or jury?
> RANNIGER: Yes.

Ranniger's stipulation that the contents of the criminal complaint outlined the state's evidence allowed the district court to consider the complaint in determining the accuracy of his *Alford* plea, which the district court did: "It's my finding that, if the jury or a judge [was] presented with the evidence that's contained in the complaint, that there would be a substantial likelihood, based on that evidence, that there would be a conviction beyond a reasonable doubt in [c]ount [n]umber 2 of the complaint." We conclude that the criminal complaint, when viewed as an outline of the state's evidence, contains an adequate factual basis to support Ranniger's plea.

Next, Ranniger argues that he did not agree on the record that the state's evidence was sufficient to convict him of the charge to which he pleaded guilty.  We disagree. During the plea colloquy, Ranniger acknowledged his right to a trial by jury and chose to accept the benefit of a plea bargain in light of the strength of the state's evidence:

> DEFENSE COUNSEL:  Mr. Ranniger, you understand that in this matter you are presumed innocent until proven guilty beyond a reasonable doubt?
> RANNIGER:  Yes.
> DEFENSE COUNSEL:  You understand that you've got a right to a trial to either a judge or a jury of 12 people; all 12 people would have to find you guilty before you could be convicted?
> RANNIGER:  Yes.
> . . . .
> DEFENSE COUNSEL: You've heard me explain the plea agreement to the [c]ourt wherein we're doing an Alford plea. An Alford plea is where you're maintaining your innocence but you believe that, if we went to trial, there's a substantial likelihood that we could lose and you want to take the benefit of this bargain of knowing what your sentence would be of 144 months, is that correct?
> RANNIGER:  Yes.
> DEFENSE COUNSEL:  Now, you've reviewed all the evidence in this case, correct?
> RANNIGER:  Yes.
> DEFENSE COUNSEL:  And do you agree that if we took it to trial and a jury heard the testimony and the statements you made to police and others, there is a substantial likelihood that you could lose?
> RANNIGER:  Yes.

Ranniger focuses on his acknowledgment of a "substantial likelihood that you could lose" and attempts to draw a parallel between that language and the language "a risk to you that you would be found guilty," which the Minnesota Supreme Court found to be an inadequate admission in *Theis*.  *Id*. at 650.  Yet, there is a difference between "risk" and

"substantial likelihood." While "risk" does not meet the threshold for what is adequate for *Alford* plea accuracy purposes, this court has previously found that "substantial likelihood" is adequate. *Williams v. State*, 760 N.W.2d 8, 14 (Minn. App. 2009), *review denied* (Minn. Apr. 21, 2009).[2]

Given Ranniger's acknowledgement of the "substantial likelihood" that he would be convicted based on the state's evidence, and his acknowledgement that he wished to take advantage of having 14 charges dismissed, his plea represented "a knowing and intelligent choice of the alternative courses of action available." *See Goulette*, 258 N.W.2d at 761. We conclude that Ranniger agreed on the record that the state's evidence was sufficient to convict him of the charge to which he pled guilty.

Because an adequate factual basis existed in the record to support his plea, and Ranniger agreed on the record that the state's evidence was sufficient to convict, Ranniger's *Alford* plea was valid. Therefore, we conclude that the district court did not err in denying his motion to withdraw his plea under the manifest injustice standard under Minn. R. Crim. P. 15.05, subd.1. As Ranniger does not challenge the district court's analysis under the fair and just standard of Minn. R. Crim. P. 15.05, subd. 2, we need not address it on appeal. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996).

**Affirmed.**

---

[2] The plea in *Williams* was a *Norgaard* plea. 760 N.W.2d at 10. Minnesota recognizes the validity of an *Alford*-type plea when a defendant professes a lack of ability to remember the conduct at issue, commonly known as a *Norgaard* plea. *See State ex rel. Norgaard v. Tahash*, 261 Minn. 106, 110 N.W.2d 867 (1961). However, there is no difference in the plea accuracy requirements for *Alford* and *Norgaard* pleas. *See Williams*, 760 N.W.2d at 12–13.